DOROTHY DALTON, Appellant, *v.* HAMILTON HOTEL OPERATING CO., INC., Respondent.

Bailment — landlord and tenant — lease of apartment and independent agreement by lessor to gratuitously store trunks of lessee until she could obtain possession — arrangement one of gratuitous independent bailment involving only obligation of slight care — proof of failure to deliver trunks when demanded establishes prima facie case of gross negligence — insufficiency of evidence to rebut presumption — exemption clause in lease immaterial — not to be assumed that exemption clause on checks was intended to relieve defendant from its own gross negligence — erroneous dismissal of complaint.

1. Where plaintiff rented an apartment from defendant, of which she could not obtain possession for some weeks, and, having several trunks, made an arrangement with defendant under which the latter, without compensation, undertook to store the trunks until plaintiff should be entitled to possession of her apartment, the situation provided for was entirely separate and distinct from that which was covered by the lease and, consequently, the arrangement was one for gratuitous independent bailment, the obligations of which involved the exercise of slight care and could be violated only by gross negligence.

2. Proof of failure by defendant to deliver two of the trunks to plaintiff when demanded, under the circumstances established a *prima facie* case of gross negligence against it which amounted to a breach of its obligations and called for an explanation, and the presumption is not rebutted nor the *prima facie* case destroyed by evidence of a system under which trunks were placed in a room under the constant watchfulness of competent and reliable employees, where there is no evidence that plaintiff's trunks ever came within the operation of this system.

3. Even assuming that the trunks were placed in the proper depository, the presumption arising in favor of plaintiff on failure of defendant to deliver 'her trunks or satisfactorily explain their disappearance is not answered, where there is no suggestion that they were stolen and the only theory under which their loss can be accounted for is that defendant without production of the appropriate checks delivered the trunks to some one other than the plaintiff or sent them to the wrong apartment when plaintiff called for them.

31

Neither of such acts would be a sufficient excuse for failure to deliver. to plaintiff but would be affirmative evidence of a failure to exercise a very slight degree of care and would amount to gross negligence, if not willful misconduct.

4. Exemption clauses in the lease and on the checks respectively are not material elements in the disposition of the case.   The arrangement for storage of the trunks being an agreement outside of the lease, the provisions of the latter are not material, and, so far as concerns the exemption clause on the checks, it is not to be assumed that it was the intention of the parties that it should relieve the defendant from its own gross negligence.

5. It was error, therefore, to hold that plaintiff did not establish a cause of action and that her complaint should be dismissed, but the Appellate Division was clearly within its rights in reversing a verdict in favor of plaintiff upon the facts because of what it may have regarded as unsatisfactory evidence in respect of the contents of the trunks and the value thereof.

*Dalton v. Hamilton Hotel Operating Co.*, 210 App. Div. 407, modified.

(Argued April 5, 1926; decided May 14, 1926.)

APPEAL from a judgment, entered November 20, 1924, upon an order of the Appellate Division of the Supreme Court in the first judicial department, reversing a judgment in favor of plaintiff entered upon a verdict and directing a dismissal of the complaint.

*Allan Deutsch* and *Isidore H. Alper* for appellant.   It was error for the Appellate Division to reverse the judgment for the plaintiff and dismiss the complaint.   (*Canfield* v. *Baltimore & Ohio R. R. Co.*, 93 N. Y. 532; *Fairfax* v. *N. Y. C. & H. R. R. R. Co.*, 67 N. Y. 11; *McKillop* v. *Reich*, 76 App. Div. 334; *Rieser* v. *Metropolitan Express Co.*, 45 Misc. Rep. 632; *Ouderkirk* v. *C. N. Bank*, 119 N. Y. 263; *Workingman's Club* v. *Boguszewski*, 161 N. Y. Supp. 382; *Campe* v. *Weir*, 28 Misc. Rep. 243; *Isham* v. *Post*, 141 N. Y. 100; *Patriska* v. *Kronk*, 57 Misc. Rep. 552; *Bean* v. *Ford*, 65 Misc. Rep. 481; *First Nat. Bank* v. *Ocean Nat. Bank*, 60 N. Y. 278.)   The exemption clause in the lease does not absolve the defendant for its wrongful delivery of the plaintiff's trunks.   (*Guillaume*

v. *Hamburgh Am. Packet Co.,* 42 N. Y. 212; *Security Trust Company* v. *Wells, Fargo & Co.,* 81 App. Div. 426; 178 N. Y. 620; *Clarke-Lawrence Co.* v. *Railway Co.,* 63 W. Va. 423; *Sands* v. *Amer. Ry. Exp. Co.,* 193 N. W. Rep. 721; *Peoples State Savings Bank* v. *R. R. Co.,* 192 Mo. App. 615; *Sheldon* v. *N. Y. C. & H. R. R. R. Co.,* 61 Misc. Rep. 274, 276; *Lynch* v. *N. Y. C. & H. R. R. R. Co.,* 89 Misc. Rep. 472; 172 App. Div. 934; *Uptegrove* v. *Central R. R. Co. of N. J.,* 16 Misc. Rep. 14.) The exemption clause in the lease is no bar to the plaintiff's recovery for the loss of her trunks occasioned by the defendant's gross negligence. (*Wells* v. *Steam Navigation Co.,* 8 N. Y. 375; *Weld* v. *Postal Telegraph-Cable Co.,* 210 N. Y. 59; *First Nat. Bank of Lyons* v. *Ocean Nat. Bank,* 60 N. Y. 278; *Siegel* v. *Spear & Co.,* 234 N. Y. 479; *Pattison* v. *Syracuse Nat. Bank,* 80 N. Y. 82; *Will* v. *Postal Telegraph-Cable Co.,* 3 App. Div. 22; *Pearsall* v. *Western Union Telegraph Co.,* 124 N. Y. 256; *Weld* v. *Postal Telegraph-Cable Co.,* 199 N. Y. 89; *Heuman* v. *Powers Co.,* 226 N. Y. 205.) The release-from-liability clause, imprinted on the storage checks, constitutes no bar to the plaintiff's recovery. (*Healy* v. *New York Central & H. R. R. R. Co.,* 153 App. Div. 516; 210 N. Y. 646; *Morgan* v. *Wolverton,* 136 App. Div. 351; 203 N. Y. 52; *Madan* v. *Sherard,* 73 N. Y. 329; *Galowitz* v. *Magner,* 208 App. Div. 6; *Strong* v. *Long Island R. R. Co.,* 91 App. Div. 442; *Hutchins* v. *Pennsylvania R. R. Co.,* 181 N. Y. 186; *Grossman* v. *Dodd,* 63 Hun, 324; 137 N. Y. 599; *Blossom* v. *Dodd,* 43 N. Y. 264; *Lichterman* v. *Barrett,* 95 Misc. Rep. 594, 596.)

*Ralph O. L. Fay* for respondent. The plaintiff failed to prove the cause of action set forth in the complaint. (*Hackett* v. *Bell Operating Co.,* 181 App. Div. 535; *Crapo* v. *Rockwell,* 48 Misc. Rep. 1; *Roberts* v. *Case Hotel Co.,* 106 Misc. Rep. 481; *Jackson* v. *Strong,* 222 N. Y. 149; *Walrath* v. *Hanover Fire Ins. Co.,* 216 N. Y. 220; *South-*

*wick* v. *First Nat. Bank*, 84 N. Y. 420.) The trunks were received subject to the provisions of the written lease which exempted the defendant from any liability. (*Wells* v. *Steam Navigation Co.*, 2 N. Y. 204; *Tewes* v. *North German Lloyd S. S. Co.*, 186 N. Y. 151; *Healy* v. *N. Y. C. & H. R. R. R. Co.*, 153 App. Div. 516.) Defendant was a gratuitous bailee, liable only for gross negligence, which was not established. (*Siegel* v. *Spear & Co.*, 234 N. Y. 479; *Gottlieb* v. *Wallace Wall Paper Co.*, 156 App. Div. 150; *St. Paul F. & M. Ins. Co.* v. *Trice Motor Corp.*, 203 App. Div. 218; *Claflin* v. *Meyer*, 75 N. Y. 260.)

HISCOCK, Ch. J. Plaintiff brought this action to recover the value of the contents of two trunks claimed· to have been lost through the fault of the defendant. The facts which are claimed to sustain liability are as follows:

The defendant operates an apartment hotel in the city of New York. In August the plaintiff desired to rent one of the apartments but the latter was then so occupied that possession could not be given to plaintiff until October 1, and a lease was subsequently made for the term of one year commencing on the latter date. Plaintiff had several trunks which she desired to store in the meantime and an oral agreement was made between her and the defendant under which the latter without compensation undertook to store said trunks until she should be entitled to possession of her apartment under the lease aforesaid. After this arrangement was made and after the execution of the lease the trunks were delivered to defendant and the last seen or known of two of them was that they were sent to the basement of the apartment house where there was a room for the storage of such things. When the time arrived for the plaintiff to take possession of her apartment under her lease she sent word to the defendant to deliver her trunks at such apartment but two of them were not delivered and they

have never been found. Defendant gave evidence to the effect that it had adopted a system covering the storage of baggage like that which prevailed in other similar buildings and under which articles were to be stored in the room above mentioned where they were under the custody and watch at all times of reliable employees. The only explanation of the loss of the trunks approaching definiteness was a statement said to have been made to plaintiff by one of defendant's officers in substance that the trunks must have been delivered at the apartment of some one other than the plaintiff.

The lease contained a provision that the defendant should be under no obligation to accept or receive for safekeeping any property of the tenant, but in case any such property should be accepted or received it should be " accepted, received and held entirely at the risk and hazard of the tenant and the landlord should [shall] not be liable or responsible for any damage thereto or loss or theft thereof whether arising from negligence or otherwise." In addition to this the plaintiff received for each package delivered to defendant a check or receipt which, in addition to describing the property, contained the following: " Read conditions on the reverse side. * * * The property enumerated on the reverse side hereof being received and stored gratuitously it is expressly agreed by the guest that the said receipt and storage shall be entirely at the risk of the owner thereof and that the hotel shall not be liable for loss or injury thereto whether caused by negligence, fire, theft or any other cause whatsoever. * * * Said hotel is further authorized to deliver said property to any person presenting said receipt without identification."

Upon these facts, which we do not understand to be disputed, the plaintiff recovered a judgment for the alleged value of the contents of her two trunks on the ground that defendant was a gratuitous bailee and was guilty of gross negligence, which judgment has been set aside

by the Appellate Division both on the law and the facts with dismissal of the complaint and, thereby, several questions are presented to us for consideration.

A majority of the court are of opinion that the complaint as a whole, notwithstanding various inapt expressions and allegations, does allege after a fashion the cause of action upon which recovery was had at the trial and this conclusion eliminates various questions discussed by counsel.

We then come to the question whether the arrangement claimed to have been made by plaintiff with defendant for the storage of her trunks was one for gratuitous independent bailment as claimed by her, or was one incidental to and merged in the written lease so that the liability of the defendant is to be decided by the terms of that lease especially including the exemption clause already quoted. We think that it was the former. The simple facts are that plaintiff rented an apartment but could not obtain possession thereof for several weeks; that she had several trunks which in the meantime must be stored and that she made the arrangement with the defendant thus to store them until she could obtain possession of her apartment. Of course this arrangement for storage had a certain relation to her lease and undoubtedly never would have been made except for the fact that she had made such a lease. But even so, the situation for which the arrangement provided was entirely separate and distinct from that which was covered by the lease. The lease covered occupation of the apartment from a certain future date. The arrangement for storage of the trunks covered the intervening period and the necessities for it and the rights secured were entirely different than those provided for by the lease. We are unable to see how either as a matter of technical law or as a matter of common sense it can be said that when a proposed tenant has rented a house or an apartment of which he cannot secure possession for the purpose of accommodating his

property for some time to come, and says in effect that he wants to make another arrangement for storing such property until he can put it in his apartment or house, the latter agreement is covered by or merged in the former one.   Therefore, we conclude that defendant accepted the lost trunks without promise of compensation and as a gratuitous bailee and, that being so, we encounter the question whether plaintiff's evidence has established any default in defendant's obligations as such bailee which entitles her to judgment.

The obligations of defendant as gratuitous bailee are commonly described as involving the exercise of slight care and as being violated only when there has been gross negligence. The distinction between " slight " and " reasonable " care and between " ordinary " negligence and " gross " negligence is oftentimes shadowy and unsatisfactory.   But the courts, however fortunate or otherwise they may have been in expressing that distinction, do recognize that it exists.   In *First Nat. Bank* v. *Ocean Nat. Bank* (60 N. Y. 278, 295) it was said that " It [gross negligence] has been defined to be the want of that ordinary diligence and care which a usually prudent man takes of his own property of the like description.   *   *   *   This definition is given by a reference to the degree of care, rather than the degree of negligence which may be the easier and more intelligible mode of defining the extent of the obligation, and the measure of duty assumed.   *   *   *   A depositor of goods or securities for safekeeping with a gratuitous bailee can only claim that diligence which a person of common sense, not a specialist or expert in a particular department, should exercise in such department."   And in *Weld* v. *Postal Telegraph-Cable Co.* (210 N. Y. 59, 72) it was said: " The cases cited recognize a distinction between ordinary and gross negligence, from which it may be said that gross negligence is the commission or omission of an act or duty owing by one person to a second party which

discloses a failure to exercise slight diligence. In other words, the act or omission must be of an aggravated character as distinguished from the failure to exercise ordinary care."

When plaintiff demanded that her trunks be delivered to her at her apartment and the defendant failed to do this, a *prima facie* case was established against the latter even of gross negligence which amounted to a breach of its obligations and which called for an explanation. (*Canfield* v. *Baltimore & Ohio R. R. Co.*, 93 N. Y. 532; *Hasbrouck* v. *N. Y. C. & H. R. R. R. Co.*, 202 N. Y. 363, 373, 374.) And we do not think that defendant made such explanation as rebutted the presumption and destroyed the *prima facie* case. It attempted to do this by giving evidence of a system under which trunks were placed in a room under the constant watchfulness of competent and reliable employees. As a matter of fact there is no evidence that the plaintiff's trunks ever came within the operation of this system for they were traced no further than to show that they were taken to the basement of the apartment house. But if we assume that the trunks were placed in the proper depository under the watchfulness provided by the defendant, we do not think that this fact answers the presumption arising in favor of plaintiff on failure to deliver her trunks or satisfactorily explains their disappearance. Presumptively under this system the trunks should have been in defendant's possession and ready for delivery when called for and it is the failure of what was to be expected that defendant is called on to explain. So far as we can see their loss could naturally be accounted for on any one of three theories. They might have been abstracted by some external means not within the control of defendant, as larceny by an outsider. But there is no suggestion of any such occurrence as this. They might have been stolen by an employee whom the defendant had the right to regard as reliable and responsible. But again

there is no suggestion of this, and the only remaining theory which occurs to us is the one that defendant voluntarily and without production of the appropriate checks delivered the trunks to some one other than the plaintiff or, as suggested by defendant's official, sent them to the wrong apartment when plaintiff called for them and wherefrom they were abstracted instead of being returned. Unless excused by special circumstances, a voluntary delivery of the trunks to a person other than plaintiff without production of checks, which at all times remained in possession of plaintiff, or the delivery of them to a different apartment than plaintiff's would not be a sufficient excuse for failure to deliver to plaintiff but would be affirmative evidence of a failure to exercise a very slight degree of care and would amount to gross negligence, if not willful misconduct.

The exemption clauses in the lease and on the checks respectively do not become material elements in the disposition of the case. Regarding as we do the arrangement for storage of the trunks as an agreement outside of the lease the provisions of the latter are not material. So far as concerns the exemption clause on the checks, independent of any other answer, we do not think it is to be assumed that it was the intention of the parties that it should relieve the defendant from its own gross negligence. Argument or authorities are not necessary to fortify this view for defendant's counsel in his brief concedes its correctness.

Therefore, we think that it was error to hold that plaintiff did not establish a cause of action and that her complaint should be dismissed. But when we come to the reversal of the judgment on the facts, the evidence so clearly sustains this disposition that we cannot and ought not to interfere with it. Independent of other objections urged by defendant to recovery for some of the articles claimed to have been in the trunks because of their unusual character and value, plaintiff's claims in

respect of the contents of the trunks and the value thereof presented questions of fact and the Appellate Division was clearly within its powers in reversing upon the facts because of what it may have regarded as plaintiff's unsatisfactory evidence upon these issues.

Therefore we come to the final conclusion that the judgment of the Appellate Division should be modified so as to provide for a new trial and as so modified should be affirmed, with costs to abide event.

CARDOZO, POUND, McLAUGHLIN, CRANE and LEHMAN, JJ., concur; ANDREWS, J., not voting.

Judgment accordingly.