VALENTINE B. HAVENS, Respondent, v. HARRI M. HOWELL, JOHN A. HERRICK, JOHN C. HERRICK and ANITA HERRICK-KROUSE, Appellants.— Order directing an examination of defendant Howell before trial and requiring him to produce thereat certain documents affirmed, in so far as an appeal is taken therefrom, with ten dollars costs and disbursements; the examination to proceed on five days' notice. No opinion. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.

EDWIN V. HELLAWELL, as Receiver of the FIRST NATIONAL BANK OF HEMPSTEAD, Respondent, v. THE HEMPSTEAD CO-OPERATIVE BUILDING AND LOAN ASSOCIATION, Appellant.— In an action to recover upon a promissory note, in which the defendant-appellant counterclaimed for damages for an alleged breach by the plaintiff-respondent of a contract of bailment, judgment in favor of plaintiff, entered upon the dismissal of the counterclaim at the close of defendant's proofs and upon a verdict thereupon directed in favor of plaintiff, and order denying defendant's motion for a new trial reversed on the law and a new trial granted, with costs to appellant to abide the event. Appeal from direction of verdict dismissed as no appeal lies therefrom. We are of opinion (1) that the card, plaintiff's Exhibit 1, constituted the contract between the parties by which their rights and liabilities must be measured; (2) that the plaintiff, therefore, is liable to the defendant, if at all, as a gratuitous bailee of the cash and checks delivered to the bank by the defendant through the media of the " Mony-Grip " bag and the " Night depository; " that is to say, only for gross negligence (*Dalton* v. *Hamilton Hotel Operating Co., Inc.*, 242 N. Y. 481, 487); (3) that the defendant established a *prima facie* case when it showed such deposit and the failure of the plaintiff to return it upon demand (ibid.); and hence (4) that such dismissal and direction constituted reversible error. Lazansky, P. J., Young, Hagarty, Adel and Taylor, JJ., concur.