BERTHA GERSTEN GARDINI, Plaintiff, *v.* MUSEUM OF THE CITY OF NEW YORK, Defendant.

City Court of New York, Trial Term, New York County, January 10, 1940.

*Sidney Brodman,* for the plaintiff.

*Cadwalader, Wickersham & Taft* [*John A. Sullivan* of counsel], for the defendant.

COLEMAN, J. The plaintiff delivered a diamond brooch to the defendant museum for exhibition. The defendant is an educational non-profit corporation. The brooch disappeared from the case in which it was kept. It has not been recovered. Plaintiff has brought this action for its value.

The defendant had given plaintiff a receipt for the brooch which contained the following provision: " The Museum is not responsible for the safekeeping of articles intrusted to it for exhibition beyond the exercise of such precautions as are now in force, or may hereafter be put in force, for the safekeeping and preservation of the property of the Museum itself." This provision should be given a reasonable construction. It is to be inferred that by " property " was meant articles of a charater and value similar to or comparable with that intrusted to defendant by plaintiff. The statement in the receipt implies that the musuem did take some " precautions " to safeguard such property. In the absence of an agreement or notice to the contrary, the plaintiff could reasonably infer that the precautions resorted to by defendant with regard to the jewels which it owned were those which in the circumstances might

reasonably be expected — those which the defendant, as one who is reasonably prudent, would naturally exercise. The receipt, therefore, did not free defendant of the duty of using reasonable care in safeguarding the property which plaintiff, for no pecuniary advantage, intrusted to it, and it certainly did not absolve the defendant from liability for gross negligence. (Cf. *Dalton* v. *Hamilton Hotel Operating Co., Inc.*, 242 N. Y. 481, 488, 489.)

The brooch was kept in a locked case, but the key to the case was kept with other keys in the drawer of a desk in the office of the business manager of the museum. However, sometime between June and August the drawer was broken open, and remained broken and open for some time. During this period the keys to the several cases were nevertheless kept in this unlocked drawer. The desk itself was in a private office, but there was no evidence that the office was guarded with special care or that the door to it was kept locked, and, for aught that appears, it was freely accessible to many persons.

The defendant does not know when or how the brooch was lost, or if stolen, by whom, when and in what circumstances. It may have been removed from the case in which it was kept months before its disappearance was discovered. Indeed, it was not in the case in August, when an assistant curator took an informal inventory; yet the defendant, although thus made aware of the absence of the brooch, did nothing about it at that time. The loss was finally noticed in November, when the exhibit in question was dismantled and the defendant then notified the police department; but it refrained from informing the plaintiff for two months more.[1]

In these circumstances, the *prima facie* case established by the plaintiff was not overcome; the defendant did not, in my opinion, employ reasonable precautions with regard to plaintiff's property and cannot explain the loss, the manner and cause of which are left wholly to conjecture. Evidence of routine care does not answer " the presumption arising in favor of plaintiff on failure to deliver " to her the subject of the bailment, nor is it a satisfactory explanation of the " disappearance." (*Dalton* v. *Hamilton Hotel Operating Co., Inc., supra*, p. 488.)

Judgment may be entered in favor of plaintiff and against defendant in the sum of $1,000, with interest thereon from January 7, 1936. Ten days' stay of execution. Sixty days to make a case.