UNITED STATES FIRE INSURANCE COMPANY, Plaintiff, *v.* SAKS & COMPANY, Defendant.

City Court of New York, Trial Term, New York County, April 13, 1940.

*Paul D. Compton,* for the plaintiff.

*Chadbourne, Wallace, Parke & Whiteside,* for the defendant.

COLEMAN, J. This is an action by an insurance company to recover from the defendant the value of seven rings which had been delivered by the plaintiff's assignor to the defendant upon consignment. The rings were not returned. The loss to the consignor was satisfied by its insurance carrier, the plaintiff here, which, subrogated to the assignor's rights, now sues the defendant for breach of bailment. The defense to the action is, *first,* that the rings were, in fact, stolen from the defendant's place of business by someone not in its employ, and that, therefore, the defendant is not liable; and, *second,* that under the agreement by which the rings were delivered on consignment the defendant was entitled to the benefit of any insurance which the assignor had procured, and that, therefore, the insurance company may not prosecute this action.

As to the first defense, the evidence satisfies me that the rings were stolen by a stranger, and, although proof of loss by theft in the first instance would be enough to discharge a bailee, the circumstances of the theft satisfy me that the defendant failed to exercise proper care of the valuable jewelry intrusted to it. (Cf. *Dalton* v. *Hamilton Hotel Operating Co.,* 242 N. Y. 481.)

As to the second defense, the pertinent clause is as follows: " All merchandise sent to us is intended for re-sale by us and we shall use ordinary care and protection while the merchandise is in our possession, but the merchandise is to be insured by you under your block policy."

The defendant in its brief states that it does not contend that this clause exempts it from possible liability based upon its obligation " to use ordinary care and protection." Its position is that by this provision the bailor is obliged to insure against loss, and that the insurance was to be for the benefit of both parties, thereby depriving the insurance company of any right to subrogation. (Cf. *Platt* v. *Richmond, York River & Chesapeake R. R. Co.,* 108 N. Y. 358.)

I do not think that the clause in question can be given this effect. The document was prepared by the defendant, and, quite apart from the rule that an instrument is to be construed against its draftsman, it is clear enough that an agreement intended to give the defendant the benefit of the owner's insurance could have been plainly and simply worded to that effect. (Cf. the language of the " benefit of insurance " clause in *Phoenix Ins. Co.* v. *Erie &*

*Western Transp. Co.*, 117 U. S. 312.) The agreement, in my opinion, means no more than that as between bailor and bailee the cost of insurance — in the case of jewelry a substantial expense which must always be considered — was to be assumed by the bailor. The rings might have been lost in transit or while in the defendant's possession in such circumstances that the defendant, as bailee, would not be liable. In that event, under the agreement, the owner would suffer the loss, unless he had procured insurance against it at his own cost; he could not look to the bailee to provide insurance. Put negatively, the agreement was one wherein the bailee specifically was not to provide insurance for the owner's account. Whether he did so for his own account would concern him alone, but the agreement left untouched two basic principles — *first*, that the defendant was responsible for its lack of care, and, *second*, that its liability as bailee was unaffected by the fact that the bailor had procured insurance.

It is the defendant which urges a construction that would discharge it from liability in the circumstances of this case, and it has not satisfied me that its interpretation — even assuming the meaning of the language to be doubtful — is the correct one. (Cf. *Gillette* v. *Bank of America*, 160 N. Y. 549.) But even on that assumption — which would justify the acceptance of parol evidence to show what the parties intended — no such evidence was offered by the defendant.

There should, therefore, be judgment for the plaintiff, and the amount of recovery remains to be considered. That amount paid by the plaintiff to the owner under the insurance policy or advanced by it by way of a loan receipt (for the purposes of this action the method employed is immaterial) is not the measure of recovery, nor are the amounts stated in the consignment invoice to be accepted as the basis. The proper measure of damages, it seems to me, is the cost in the market of similar rings to a dealer in a position similar to that of the plaintiff's assignor. That cost I find to be $1,800, and there will be judgment for the plaintiff for that amount, with interest from December 17, 1937. **Ten days' stay** of execution. Sixty days to make a case.