ANNE ROSSMAN, Plaintiff, *v.* GREENBERG LAKEWOOD AND
MOUNTAIN LINE, INC., et al., Defendants.

Municipal Court of the City of New York, Borough of Brooklyn,
February 25, 1953.

*Linder & Mayer* for plaintiff.

*Arthur V. Lynch* for George Alston, defendant.

*E. Edan Spencer* for Greenberg Lakewood and Mountain
Line, Inc., defendant.

ALTER, J. Plaintiff brings this action to recover the value
of the contents of a valise claimed to have been lost through
the negligence of the defendants. The facts which are claimed
to sustain liability are as follows:

The defendants are common carriers. In the month of January, 1952, plaintiff purchased passage from the defendant,
Greenberg Lakewood Lines, sued herein as Greenberg Lake-

wood and Mountain Line, and now amended accordingly (hereafter called " Greenberg ") for herself and daughter for a trip from Brooklyn, N. Y., to Lakewood, N. J. The plaintiff also made arrangements for return.

It appears that on January 29, 1952, the defendant Alston, who apparently had been engaged by the defendant Greenberg under some form of arrangement between them, came to the plaintiff's hotel in Lakewood, N. J., for the purpose of transporting her back to her home in Brooklyn. The plaintiff upon being informed that the defendant Alston was waiting for her, had the porter or bellhop from her hotel take down three bags belonging to the plaintiff and place them in front of this defendant's hack or automobile which was standing alongside her hotel. Plaintiff and her daughter testified that they saw three bags placed on the ground alongside the defendant's hack; that they saw the defendant Alston put one bag into his trunk and the other two bags he placed on a rack which extended from the rear of his automobile. After that was done he drove away.

It is very significant that this defendant does not deny that he packed three bags belonging to the plaintiff into his car. All that he says is that he does not remember how many bags he received from the plaintiff. I will discuss this point later in this memorandum.

When the plaintiff reached her destination she was given three bags by the defendant Alston but later the plaintiff returned one bag to Alston because it was not hers but demanded from him another bag. He said he had no bag belonging to the plaintiff and after demand, the plaintiff commenced this suit. I might add at this time the plaintiff paid her fare to the defendant Alston for this return trip.

There are four questions presented on this trial: 1. Did the plaintiff deliver three pieces of luggage to the defendant Alston at the New Irvington Hotel, Lakewood, N. J.? 2. If the answer is " yes ", then was the defendant Alston and/or the defendant Greenberg negligent in failing to deliver the piece of luggage to the plaintiff? 3. If the plaintiff is entitled to recover, is she to recover from both defendants or either of them? 4. What damage did she sustain?

Now let me take up the first question. I am convinced by a fair preponderance of the evidence that the plaintiff did deliver three pieces of luggage to the defendant Alston and that he only delivered two pieces of luggage to her. An outstanding factor in this case that compels this conclusion is that when

the defendant Alston reached the plaintiff's home he asked her how many pieces of luggage she had, and when she replied " three ", he, without hesitation, brought up to her apartment three bags. If he had attended to his business properly he would have known how many bags each passenger had. Instead he relied upon the demands of his passengers. Apparently he had faith in their honesty and integrity. He cannot now ask this court to disbelieve the plaintiff and believe him, especially when he does not specifically deny the receipt of three bags but contents himself by saying that he does not know how many bags he received.

Now as to the second question. Under the law of bailment, the burden of proof to establish negligence is on the bailor and remains on him throughout the trial. Plaintiff makes out a prima facie case by proof that the property was left in the possession of the bailee and was not returned. (*Claflin* v. *Meyer*, 75 N. Y. 260; *Fidelity & Guar. Ins. Corp.* v. *Ballon*, 280 App. Div. 373.) When plaintiff demanded that her missing bag be delivered to her and the defendant Alston failed to do so, a prima facie case was established against the latter even of gross negligence which amounted to a breach of his obligation and which called for an explanation (*Dalton* v. *Hamilton Hotel Co.*, 242 N. Y. 481).

The burden of going forward with the evidence then shifts to the bailee to show the circumstances of the loss in order to rebut the presumption of negligence which would arise from a delivery and a failure to return. It is necessary for the bailee to explain how he cared for the property, and why he did not return it. (*Fidelity & Guar. Ins. Corp.* v. *Ballon*, 280 App. Div. 373; see, also, *Ouderkirk* v. *Central Nat. Bank*, 119 N. Y. 263, and *Reisinger* v. *Pullman Co.*, 277 N. Y. 679.)

It was the duty of the bailee to explain how he cared for the property and why he cannot return it. In this case the evidence falls far short of the exercise of due care by the defendant Alston and so consequently he must be held responsible for the breach of his contract to return the property bailed. His testimony that he, on several occasions, examined the rear shelf upon which the luggage belonging to the plaintiff and the other occupants rested is hardly credible. He cannot account for the loss of the plaintiff's bag. In the case of *Hasbrough* v. *New York Central & H. R. R. R. Co.* (202 N. Y. 363, 374) our Court of Appeals said: " The obligation to deliver or to make an explanation sufficient in law rested on the defendant under all the circumstances and it did not discharge the obligation "

An express company or other carrier receiving merchandise is a bailee to transport the goods. For breach of its duty as bailee to carry and deliver to the person it is liable, as in the case of any other misdelivery, for the value of the goods. (*Mogul v. Lavine,* 247 N. Y. 20.) The defendant Alston, having failed to deliver the bag in question to the plaintiff, is liable.

Now as to the third question. It has already been pointed out in this memorandum that the defendant Alston was the one to whom the plaintiff entrusted the bag. He failed to deliver it. He failed to explain its nondelivery. He it was who received the fare for the plaintiff's transportation from Lakewood to Brooklyn. He was the active wrongdoer. The defendant Greenberg had no knowledge of the delivery of any bags to the defendant Alston. With that in mind, there can be no liability as against the defendant Greenberg.

Now as to the fourth question. In view of the foregoing it follows that the plaintiff is entitled to recover for her loss. This presents a more difficult problem. From a reading of the bill of particulars and from the proof and exhibits produced at the trial, I am not quite convinced that the plaintiff should recover the amount demanded by her. Some of the articles claimed to have been lost were presumably used and worn. The plaintiff in her bill of particulars itemizes the contents of the bag and also includes cash. After the sum total is set down she also asks for a sales tax of $15.68 on the total which includes a sales tax on the cash claimed by her. This, should I say, slip of the pen, leads me to the conclusion that perhaps the plaintiff has somewhat exaggerated her claim. I think the sum of $250 will fairly compensate the plaintiff for her loss. I accordingly award judgment to the plaintiff in the sum of $250 against the defendant George Alston, with appropriate interest, and dismiss the complaint against the defendant Greenberg Lakewood Lines.