Nat H. Hentel, J.
At the time of trial, a jury was waived and the issues were tried on the law and the facts before the court.
From the proof, plaintiff owned a 1965 Chevrolet Corvette. On or about December 23, 1965, plaintiff brought this vehicle to the defendant’s place of business for a “ grease and oil change ’ ’ and turned the vehicle over to the service manager of the defendant for this purpose, leaving the keys and registration with the car.
Thereafter, without removing the car from the defendant’s premises, and ‘‘ several days later ’ ’, plaintiff telephoned Mr. Russell Seibert, the defendant’s principal officer, with whom he had dealt on a friendly basis for a number of years past, and advised him that he did not like the car, and then asked Mr. Seibert “if he could get rid of it — sell it for me ’’. Plaintiff further testified that Mr. Seibert responded, “ I don’t know whether I can take the car from you; I don’t know if it’s readily saleable; but you can leave it on my lot and I will see if I can get rid of it for you ”.
*175 Plaintiff thereafter continued to leave his car with defendant and never removed it from defendant’s premises after it was serviced.
Sometime thereafter, plaintiff telephoned defendant again and spoke to an unidentified individual and requested that his car be left on the open used car lot that evening inasmuch as another unidentified individual was ‘ ‘ interested in coming down to look at it”. There is no further testimony as to whether or not defendant did leave the plaintiff’s car in the used car lot that day or evening, or on subsequent days or evenings. In fact, the proof was wholly devoid of any showing of the manner in which the defendant stored, handled or maintained the plaintiff’s car or what, if anything, the defendant actually did with the car during its alleged bailment.
Plaintiff states that he never saw his car again; that he did not attempt to get his car back from the defendant; and that he later learned in some undefined manner that his car was no longer at the defendant’s premise's; that he went to the local police to report this fact; and that he never recovered the car. Plaintiff paid a service bill rendered by the defendant for the grease and oil change accomplished in December, 1965, for $4.80, on May 3, 1966, after he had discovered his car was “missing”. Plaintiff admits that he had no discussions with the defendant through Mr. Seibert or anyone else with respect to whether or not there would be storage charges for the car, sales commissions payable to the defendant in the event of sale, or who would bear responsibility for the car during the period it remained on defendant’s premises, other than the afore-described brief conversation with Mr. Seibert.
The uncontroverted testimony offered by Mr. Seibert, who was called' as an expert witness by the plaintiff, establishes that the value of plaintiff’s car on or about December 23, 1965, was $3,100.
At this stage of the proof, plaintiff rested. Defendant moved to dismiss the complaint on the ground that the plaintiff had failed to sustain his burden of proof with respect to the first cause of action based in negligence and the second cause of action based in bailment.
Plaintiff seeks $3,500 as the value of his car, together with interest under either cause of action.
At the very worst, defendant argues it is a gratuitous bailee only required to be free of gross negligence insofar as plaintiff’s car is concerned. Further, defendant argues that plaintiff has not shown in what way defendant was negligent. The court reserved its decision on this motion, expecting the defendant *176 to go forward with its case to offer proof concerning the reason for the disappearance of plaintiff’s car. Thereupon, plaintiff moved for judgment on the pleadings in the sum of $3,100 plus interest. Plaintiff argues that a bailment was proved when he testified that he delivered his car to the defendant for servicing and that the circumstances of the bailment did not change merely because he continued to leave his car with the defendant in the hopes that it would be sold. Plaintiff further argues that the burden of proof then shifted to the defendant to show why he could not produce plaintiff’s car. The court reserved decision on this motion. "Whereupon, defendant rested and both motions were renewed and the court again reserved decision on the said motions.
The court will briefly recite what it believes to be the applicable law in this case covering the bailor-bailee relationship as follows:
(1) A bailment for mutual benefit requires the bailee to exercise that degree of care which a reasonably careful owner of similar goods would exercise under the same circumstances. (Castorina, v. Rosen, 290 N. Y. 445.)
1 (2) A bailment is the possession or the retention of property by one person under circumstances obligating him to deliver the property to another upon demand or at a given time. It may include an agreement to perform some service with respect to the bailed property. (Aronette Mfg. Co. v. Capitol Piece Bye Works, 6 N Y 2d 465.)
(3) When a bailment is for the sole benefit of the bailor, it is a gratuitous bailment, and the bailee is only liable if he is guilty of gross negligence with respect to the bailed property if it is damaged or lost. (Dalton v. Hamilton Hotel Operating Co., 242 N. Y. 481.)
(4) Causal relation between the bailee’s claimed negligence and the loss or damage must, of course, exist. (Jacobs v. Alrae Hotel Corp., 4 A D 2d 201, affd. 4 N Y 2d 769.)
(5) The burden of proving bailee’s negligence which caused the loss or damage to the bailed goods is upon the bailor. (Uniform Commercial Code, § 7-403, suibd. [1], par. [b].)
(6) In the case of a mutual bailment there is a presumption of negligence, or in the case of a gratuitous bailment, there is a presumption of gross negligence, which arises from proof of bailment and failure to deliver the said bailed property. (Dalton v. Hamilton Hotel Operating Co., supra.)
(7) ' 'Such presumption shifts the burden of proof to the bailee who must then come forward with an explanation of the loss *177 or damage. (Aronette Mfg. Go. v. Capitol Piece Dye Works, supra.)
(8) The explanation must show with reasonable certainty how the loss occurred whether by theft or fire or otherwise. (Castorina v. Rosen, supra.)
(9) It is not enough to show that bailee used reasonable care in its custody of the bailed property if “ mysterious^ disappearance ” is the only explanation. (Dalton v. Hamilton Hotel Operating Co., supra.)
(10) Proof of loss by theft or other explanation does not necessarily discharge the bailee from liability. (Mays, Inc. v. Herts Corp., 15 A D 2d 105.) The explanation simply removes the presumption of negligence in the case, leaving bailor again with the burden of proving that the loss resulted from defendant’s negligence. (Claflin v. Meyer, 75 N. Y. 260.)
(11) If the bailee defaults in going forward to establish by proof a legally sufficient explanation concerning the loss of the bailed property in order to. rebut the presumption of negligence, which is a question of law for the court, then the bailor is entitled to judgment against the bailee. (Hogan v. O’Brien, 212 App. Div. 193.)
(With respect to the above-stated pertinent rules of law, see Comment to 2 NT PJI 1085-1091 wherein they are enumerated, and 5 N. T. Jur., Bailment, §§ 53, 58, 59, 62, 63, 65.)
Now, as to the facts in this case within the purview of the rules of law enunciated above: The court holds that the plaintiff established initially a mutual benefit bailment when he brought his car in for service and that possibly this bailment was later changed to a gratuitous one when he asked the defendant to hold his car for the purposes of sale. In any event, whether or not defendant, in order to be held liable, had to be shown merely negligent or grossly negligent is of no moment in this case. When the defendant could not produce the plaintiff’s car, a presumption of negligence, ordinary or gross, arose requiring the defendant to come forward with a legally sufficient explanation to rebut this presumption. The burden of proof shifted to the defendant. If the defendant had submitted legally sufficient proof to rebut the presumption, then the burden would have shifted back to the plaintiff to establish in what way the defendant was either negligent or grossly negligent as the case may be. Inasmuch as the defendant opted to rest at the end of the plaintiff’s case, the defendant failed to sustain its burden to rebut the presumption of ordinary or gross negligence.
*178 Therefore, the court renders judgment for the plaintiff in the sum of $3,100, plus interest thereon from January 1, 1966, plus the costs and disbursements of this action.
Inasmuch as the presumption of negligence on the part of the bailee has not been rebutted, the court finds for the plaintiff in both causes of action based on negligence and bailment, but only renders a single judgment for the above said sum of $3,100, plus interest, and holds that both causes of action for the purposes of this trial have been merged.