Edward S. Conway, J.
This is a motion for summary judgment brought by the defendant pursuant to CPLE- 3212 for an order dismissing the complaint upon the ground that there are no triable issues of fact. The plaintiff opposes the defendant’s motion for summary judgment and cross-moves for summary judgment on the ground that defendant has no defense in law or fact to the complaint herein.
In the underlying action on which the instant motion and cross motion are based, the plaintiff seeks to recover the sum of $3,304.01 for unauthorized purchases made through the use of a Master Charge credit card which was issued by the plaintiff to Thomas S. Eldridge and his wife Ann R. Eldridge. While shopping' at the defendant’s gift store on April 13, 1971, Mrs. Eldridge used the credit card to make a purchase and inadvertently left the card at the defendant’s store, and it was found by one of the defendant’s employees. Mrs. Eldridge was notified by a telephone call from the defendant’s employee that the credit card was there and she then requested that the credit card be held for her until she could pick it up on April 19, 1971. The defendant’s employee agreed to hold it for her. Thereafter, the credit card disappeared from defendant’s possession and was used to make unauthorized purchases of $3,304.01. The credit card was subsequently recovered by the authorities on April 23, 1971 at a store in Albany. On June 30,1971, Thomas S. Eldridge and his wife Ann R. Eldridge assigned to the plaintiff all claims which they then had against the defendant resulting from the above-described events.
The complaint of the plaintiff assignee contains three causes of action. The first cause of action is predicated upon the fact that defendant wrongfully allowed the credit card to fall into the possession of unauthorized persons who used it to make unauthorized purchases, and that the Eldridge’s assigned to the plaintiff their claim against the defendant resulting from these circumstances. The second cause of action states that the loss of the credit card and the consequent damages were caused by the negligence of the defendant. The third cause of action is predicated on a breach of an alleged bailment of the credit card.
In accordance with section 13-105 of the General Obligations Law, the transferee of an assigned claim is subject to any defense or counterclaim existing against the transferor of the claim before notice of the assignment. The Federal Truth-in-Lending Act (U. S. Code, tit. 15, § 1643, subd. [a]) states, in part, as follows ; “ A cardholder shall be liable for the unauthorized use of a *867 credit card only if the card is an accepted credit card, the liability is not in excess of $50, the card issuer gives adequate notice to the cardholder of the potential liability, the card issuer has provided the cardholder with a self-addressed, prestamped notification to be mailed by the cardholder in the event of the loss or theft of the credit card, and the unauthorized use occurs before the cardholder has notified the card issuer that an unauthorized use of the credit card has occurred or may occur as the result of loss, theft, or otherwise. Notwithstanding the foregoing, no cardholder shall be liable for the unauthorized use of any credit card which was issued on or after the effective date of this section, and, after the expiration of twelve months following such effective date, no cardholder shall be liable for the unauthorized use of any credit card regardless of the date of its issuance, unless (1) the conditions of liability specified in the preceding sentence are met, and (2) the card issuer has provided a method whereby the user of such card can be identified as the person authorized to use it.”
■Subdivision (c) of section 1643 makes this the greatest liability that can be imposed on a cardholder regardless of all other applicable laws or agreements. Subdivision (d) of section 1643 states that the liability imposed by this section is the only liability to which a cardholder can be subject for the unauthorized use of his credit card. Subdivision (b) of section 1643 places the burden of proof on the card issuer to show that the conditions of liability for the unauthorized use of a credit card as set forth in subdivision (a) have been met.
The plaintiff does not contend that it complied with the Truth-in-Lending Act.
The assignors, the Eldridge’s, under the existing circumstances of this case and under the applicable statutes, cannot and were not subject to any liability for the misuse of their credit card and therefore suffer no damages through the loss of the card. The claims of the plaintiff assignee, herein, are therefore claims without damages.
The assignee of a cause of action is entitled to recover the same amount of damages as his assignor would have been entitled to recover, without regard to the fact that the assignee has paid consideration for the assignment. (Travelers Ins. Co. v. Brass Goods Mfg. Co., 239 N. Y. 273.)
The other two causes of action based on negligence and a bailment must also fail. The defendant herein was at most a gratuitous bailee that is a depositary without compensation for the benefit of the plaintiff’s assignor, and therefore only liable for gross negligence. (See First Nat. Bank of Lyons v. Ocean Nat. *868 Bank, 60 N. Y. 278; Dalton v. Hamilton Hotel Operating Co., 242 N. Y. 481.) Liability for negligence depends on the existence of a duty or obligation recognized by law by one party to another; the breach of that duty; and a finding that the proximate cause of that breach resulted in damages, and actual loss or damage (Prosser, Law of Torts, § 30, [4th ed., 1971]), and that the plaintiff be free of contributory negligence. Kimbar v. Estis, 1 N Y 2d 399.) The plaintiff herein fails to establish any of these elements.
In view of the foregoing, the defendant’s motion for summary judgment dismissing the complaint is granted, and the plaintiff’s cross motion is denied.