■ NICOLE WEINBERG, Respondent-Appellant, v D-M RESTAURANT CORPORATION, Appellant-Respondent.—Order of the Supreme Court, New York County, entered April 25, 1977, denying defendant's motion for summary judgment and plaintiff's cross motion for summary judgment, unanimously modified, on the law, to the extent of granting summary judgment to plaintiff on liability only and remanding for trial on the issue of damages, and otherwise affirmed, without costs and without disbursements. Plaintiff was one of a party of four or six persons who checked their coats in the Rainbow Room on March 3, 1975 prior to dining there. She claimed that at the end of the evening when the coatroom check was presented at the checkroom, she failed to receive her sable coat allegedly worth $23,000 (another women in her party also failed to receive her fur coat). The checkroom attendant (examined before trial) could not explain their disappearance. There was no testimony that a charge was paid by plaintiff's party except that the attendant testified she had that evening received gratuities between $20 and $30. It appears that plaintiff at the time of delivery of the coat did not state its value or obtain a written receipt stating such value. The record contains affidavits from counsel for defendant and from an officer of defendant corporation, each of which sets forth little of evidentiary or probative value. For example, Bernard Daly, defendant's vice-president, does not deny that plaintiff's coat was checked (this fact was admitted by the checkroom attendant in her examination before trial), but claims only that defendant may avail itself of the limitation of liability provided in section 201 of the General Business Law. The affidavit by defendant's attorney denies that the fur coat was checked, but obviously this is a bare assertion. As to the issue of liability: After a bailor delivers property to a bailee, failure to return it raises the presumption of liability on the part of the bailee *(Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehouse Corp.,* 16 NY2d 344, 359; *Stewart v Stone,* 127 NY 500, 506).* Plaintiff has the burden of establishing delivery and failure to return. Thereafter the burden of coming forward with evidence to overcome the presumption is upon defendant *(Dalton v Hamilton Hotel Operating Co.,* 242 NY 481, 488, 489; *Dutton & Co. v Goldmann Co.,* 277 App Div 556, 559; *Fidelity & Guar. Ins. Corp. v Ballon,* 280 App Div 373, 377).* Plaintiff established delivery and failure to return. Defendant offered no evidence to explain failure to return. Therefore, in the circumstances disclosed, plaintiff is entitled to summary judgment on the issue of liability *(Proctor & Gamble Distr. Co. v Lawrence Amer. Field Warehouse Corp., supra).* As to the issue

of damages: Section 201 of the General Business Law relates to the measure of damages for which a hotel, motel or restaurant may be liable for property deposited by guests or patrons, the delivery of which is evidenced by a check or receipt therefor. It limits liability to $75 where the guest or patron has not stated a value in excess of $75 upon delivery and obtained a written receipt stating such value. The section is not applicable where: (1) A fee or charge is "exacted" (see language of the section), or (2) Theft by defendant, its agents, servants or employees occurred (*Honig v Riley,* 244 NY 105, 110). Questions of fact are presented in this case but solely as to damages. They are whether: (1) A fee or charge was "exacted", or (2) The loss was the result of theft by defendant, its agents, servants or employees. But such questions can be resolved at the limited trial which is now ordered. Accordingly, plaintiff is not entitled to summary judgment on that issue, nor is defendant entitled, as a matter of law to limitation of damages to $75. Concur—Lupiano, J. P., Birns, Silverman and Evans, JJ.