■ DAVID DAMAST et al., Appellants, v NEW CONCEPTS IN JEWELRY, LTD., et al., Respondents. — In an action to recover the value of personal property, predicated upon theories of, *inter alia,* negligence and conversion, plaintiffs appeal from an order of the Supreme Court, Nassau County (Vitale, J.), dated April 29, 1981, denying their motion for partial summary judgment. The appeal brings up for review so much of a further order of the same court, dated August 14, 1981, as, upon reargument, adhered to the original determination. Appeal from the order dated April 29, 1981 dismissed. That order was superseded by the order granting reargument. Order dated August 14, 1981 reversed insofar as reviewed, on the law, order dated April 29, 1981, vacated, and plaintiffs' motion is granted to the extent that they are awarded summary judgment on the issue of liability. Plaintiffs are awarded one bill of $50 costs and disbursements. Plaintiffs established that two diamond rings were left in the possession of the defendants to be remodeled and that thereafter the defendants failed to return the rings upon proper demand. Thus, plaintiffs set forth a prima facie case for negligence (see *Claflin v Meyer,* 75 NY 260) and conversion (see *I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657). Upon establishing a prima facie case in either conversion or negligence, it became incumbent upon the defendants to come forward with evidence to explain what happened to the two rings. "The explanation proffered * * * must be supported by sufficient evidence and cannot be merely the product of speculation and conjecture. 'The explanation must show with reasonable certainty how the loss occurred, as, by theft or fire * * * It is not enough to show that defendant-bailee used reasonable care in its system of custody if mysterious disappearance is the only "explanation" given' (PJI 4:93, at pp 1090-1091; see *Dalton v Hamilton Hotel Operating Co.,* 242 NY 481, 488-489)" (*I.C.C. Metals v Municipal Warehouse Co., supra,* p 664, n 3). The defendants offered proof of the safety precautions taken by the store. Defendant White deposed that the rings were kept in a work envelope in a 3,500-pound safe to which only two individuals had the combination, that outside doors were secured by heavy locks, that a private security firm had been retained to monitor the store's alarm system and notify the police in the event of a break-in, and that someone must have gone to the safe during working hours, unbeknownst to him, and removed the envelope containing the rings. As this fails to meet the standard set forth by the Court of Appeals, Special Term erred in refusing to grant plaintiffs summary judgment on the issue of liability. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.

■ DUAL-AIRE CORP., Plaintiff, v EMBASSY INDUSTRIES, INC., et al., Defendants, and EMBASSY INDUSTRIES, INC., Third-Party Plaintiff-Respondent. KAPSIS INTERNATIONAL, INC., et al., Third-Party Defendants; GIDEON CHERN, Third-Party Defendant-Appellant. — Order of the Supreme Court, Nassau County (Derounian, J.), dated March 18, 1980, affirmed, with $50 costs and disbursements. No opinion. Application by the third-party plaintiff-respondent to dismiss the appeal denied. We note that we have not considered those portions of the record on appeal which were not before Special Term. Mollen, P. J., Titone, O'Connor and Thompson, JJ., concur.