(April 9, 1985)

GENERAL FOODS CORPORATION, Appellant, v PITTSTON WAREHOUSE CORP., Respondent and Third-Party Plaintiff. ST. PAUL FIRE AND MARINE INS. CO., et al., Third-Party Defendants.

In December of 1982, plaintiff General Foods commenced this action for $310,000 in damages resulting from the loss of 1,392 bags of coffee. Plaintiff alleged that defendant Pittston, a warehouse corporation, negligently stored the goods, negligently

maintained its premises, breached the warehouse contract and wrongfully converted the goods to its own use. Pittston, by its answer, denied the allegations of negligence and conversion and asserted four affirmative defenses, to wit: (1) plaintiff failed to file a claim within 60 days of its request for delivery, as required by the warehouse receipt, (2) plaintiff failed to commence the suit within one year of filing a loss claim, also as set forth in the receipt, (3) defendant's liability, if any, is limited to the amount stated on the receipt, and (4) Pittston is not liable in the event plaintiff carries insurance which covers the storage.

On February 6, 1984, plaintiff moved for summary judgment, with its accountant submitting a two-page affidavit setting forth the date and amount of two shipments. The first consisted of 1,993 bags and the subsequent one of 500 bags. In opposition, Pittston's insurance and claims manager submitted an affidavit indicating that 396 bags had been stolen from the warehouse building during the night of November 22-23, 1981 and appended a copy of the theft report to his affidavit. Pittston, therefore, argued that since the loss resulted from a theft, a question of fact existed as to whether the company had been negligent, precluding summary judgment.

Special Term denied summary judgment, finding that General Foods had failed to establish sufficient evidentiary facts to warrant judgment in its favor. Plaintiff moved for reargument and renewed its earlier motion for summary judgment. Included with this motion were copies of the warehouse receipt and weight certificates for each shipment of coffee, as well as a contract between General Foods and a coffee purchaser dated November 2, 1981 for the purchase of coffee similar to that lost by the defendant. The court ostensibly denied reargument but also stated that it was adhering to its original denial of summary judgment.

The Court of Appeals has ruled that proof of delivery of property to a warehouse and the failure to return the property upon demand suffices to establish a prima facie case of conversion. (*I.C.C. Metals v Municipal Warehouse Co.*, 50 NY2d 657.) The liability-limiting provision of the contract is only applicable if the warehouseman goes forward with evidence sufficient to prove that its failure to return the property is not the result of its conversion of that property. If the warehouseman does provide such an explanation, the burden shifts to the plaintiff who then must prove that the warehouse is at fault, or else be limited to the liquidated damages clause, as agreed. But, where the warehouseman simply refuses to return the bailed property and does not provide any explanation for its refusal, the plaintiff will

be entitled to collect the full value, without more. (*See also, Weinberg v D-M Rest. Corp.,* 60 AD2d 550.)

In our view, the plaintiff fully met its burden of proof upon reargument and renewal of its motion for summary judgment. Sufficient documentary evidence was presented to establish that the goods were delivered, duly demanded, but not returned. Respondent did not properly explain or otherwise challenge the claimed loss of 996 bags of coffee on the first delivery. Hence, plaintiff is entitled to summary judgment on that loss.

With respect to the second delivery, concerning the missing 396 bags of coffee, defendant made a sufficient showing that they were stolen. Having established the fact of the theft, the burden shifted to the appellant to prove that the theft occurred as a result of the warehouse's negligence, and the court properly denied summary judgment on the fourth, fifth and sixth causes of action, all pertaining to the second delivery. Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.