■ WARREN D. JOHNSON, SR., et al., Appellants, v MAX GUMER, Respondent.—Judgment unanimously affirmed with costs. Memorandum: We affirm for the reasons stated in the decision of Supreme Court (Miles, J.). We add that we reject plaintiffs' argument that the agreement was supported by sufficient consideration because it was a contract of bailment. In support of this argument, plaintiffs cite 9 NY Jur 2d, Bailments and Chattel Leases, § 23: "All contracts of bailment * * * are supported by a sufficiently good and legal consideration where there is a transfer of possession of the property". Plaintiffs, however, fail to cite the next succeeding clause, "that consideration lies in the detriment occasioned to the bailor by his yielding up the present possession or custody of the article bailed upon the faith of the engagement of the bailee to redeliver or account for it." Here there was no detriment occasioned to the alleged bailor because he did not yield up possession or custody of the shares of stock; indeed, under the facts found by the court, he never had the right to their possession because he neither paid the agreed price for the shares nor delivered the demand note therefor.

Plaintiffs' reliance upon General Obligations Law § 5-1101 is misplaced. Although that section provides that a promise to sell shares of stock is not void or voidable for want of consideration, or because of the nonpayment of consideration, it does not permit the promisee to enforce the contract without payment of the agreed price. Here, although the contract was neither void nor voidable because of the nonpayment of consideration, nevertheless, plaintiffs' assignor could not enforce the agreement until he tendered or performed the agreed condition on his part to be performed (see, 51 NY Jur, Sales, §§ 85, 150), namely, the payment of the agreed price therefor

or the delivery of a demand note. Moreover, because plaintiffs' assignor failed to perform his part of the agreement, defendant, the unpaid seller, had the right to keep the property as his own *(see, Mason v Decker,* 72 NY 595, 599). (Appeal from judgment of Supreme Court, Orleans County, Miles, J.—breach of contract; conversion.) Present—Callahan, J. P., Doerr, Boomer, Pine and Davis, JJ.