■ MICHAEL GRECCO et al., Respondents, v CORBIS SYGMA, Appellant, et al., Defendant. [722 NYS2d 24] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about February 4, 2000, which, to the extent appealed from, denied defendant-appellant's motion for partial summary judgment dismissing plaintiff's claim with respect to more than six hundred allegedly missing photographic images, unanimously affirmed, with costs.

Plaintiffs, a photographer and his corporate entity, and defendant-appellant, a stock photography agency in the business of licensing images to third parties for use in magazines and other publications, had an agreement from July 13, 1992 until January 20, 1998. During this period, defendant-appellant, as bailee for the parties' mutual benefit, possessed and licensed numerous photographic images belonging to plaintiffs. On January 20, 1998, plaintiffs terminated their relationship with appellant and requested the return of all of their photographic images. Appellant returned certain images to plaintiffs but there remain several hundred images that plaintiffs maintain have not been returned. These disputed images had been in the possession of third parties, but plaintiffs contend that they were subsequently forwarded by the third parties to appellant, in accordance with plaintiffs' written instructions, to be held by appellant pursuant to the parties' bailment/licensing agreement. Appellant claims that it never received the disputed images from the third parties and urges that it is entitled to summary judgment dismissing plaintiff's claims as to the disputed images in view of the purported absence of proof that the disputed images were in fact delivered to it. However, while it will ultimately be plaintiff's burden, if it is to recover upon the theory that the disputed images were the subject of a bailment with appellant, to prove that the disputed images were delivered to appellant (*see, Weinberg v D-M Rest. Corp.*, 60 AD2d 550), it was nonetheless appellant's burden as summary judgment movant to establish a prima facie entitlement to judgment as a matter of law by tendering evidence sufficient to eliminate any material factual issues from the case (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324). Appel-

lant failed to meet that burden, for while, as noted, appellant premised its entitlement to summary judgment upon the purported absence of proof of its receipt of the disputed images, its own sales statements, contained in the appellate record, indicate that it licensed, and thus was evidently in receipt of, many of the allegedly missing images formerly held by third parties. In light, then, of the persisting factual questions as to whether appellant received some or all of the disputed photographs, appellant's motion for partial summary judgment was properly denied. Concur—Sullivan, P. J., Rosenberger, Mazzarelli, Lerner and Buckley, JJ.