■ GREGG C. TWEEDY, Respondent, v BONNIE CASTLE YACHT BASIN, INC., Appellant. (Appeal No. 2.) [905 NYS2d 727]—

Appeal from a judgment of the Supreme Court, Oswego County (Norman W. Seiter, Jr., J.), entered May 18, 2009 in a breach of contract action. The judgment, among other things, awarded plaintiff damages against defendant upon a jury verdict.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for breach of his bailment agreement with defendant, pursuant to which defendant was to winterize and then store plaintiff's approximately 40-foot motor boat in defendant's marina. The matter proceeded to trial and, at the close of proof, defendant conceded the existence of a bailment agreement. Plaintiff moved for a directed verdict pursuant to CPLR 4401 on the issues of liability and damages. Supreme Court granted that part of the motion with respect to liability, determining that plaintiff established that the boat was delivered to defendant in good condition and was damaged when it was returned to plaintiff, and that defendant failed to rebut the presumption of negligence resulting from plaintiff's prima facie case (*see* PJI 4:93; *Damast v New Concepts in Jewelry*, 86 AD2d 886 [1982]). The jury thereafter returned a verdict awarding plaintiff the sum of $200,000 representing the diminished market value of the boat, and the court awarded plaintiff prejudgment interest of approximately $53,000.

The record does not support defendant's contention that the court erroneously imposed a standard of "best care" rather than the proper standard of "reasonable care" set forth in PJI 4:93 in determining plaintiff's motion. There is nothing in the record to support defendant's assertion that, in determining the motion, the court relied upon the testimony of defendant's marina manager that it was "good practice" to plug the boat into a source of electric power while moored in the water at defendant's marina. Indeed, the record establishes that the court in fact did not rely upon that testimony. Rather, the record

establishes that the court properly concluded that plaintiff established a prima facie case with respect to defendant's liability by submitting competent evidence that the boat was delivered in good condition and returned in a damaged condition. Defendant offered no evidence concerning the condition of the boat at the time of delivery, and it is undisputed that defendant did not inspect and inventory the boat at the time of delivery. "[T]he law [thus] presumes that the [damage] was the result of [defendant's] negligence" inasmuch as defendant failed to establish how the damage occurred and thus failed to establish that it did not occur as a result of its negligence (PJI 4:93; *see generally Dalton v Hamilton Hotel Operating Co.*, 242 NY 481, 488-489 [1926]). "Upon [plaintiff's having] establish[ed] a prima facie case in . . . negligence, it became incumbent upon the defendant[ ] to come forward with evidence to explain what happened to the [boat]," and defendant failed to do so (*Damast*, 86 AD2d at 886).

We reject defendant's further contention that the court erred in awarding plaintiff prejudgment interest. CPLR 5001 (a) provides that "[i]nterest shall be recovered upon a sum awarded because of a breach of performance of a contract. . . ." As previously noted, it is undisputed that there was a "contract of bailment" (*Johnson v Gumer*, 149 AD2d 933, 933 [1989], *lv denied* 74 NY2d 609 [1989]), and we conclude that defendant breached the contract by returning the boat in a damaged condition. Present—Centra, J.P., Carni, Lindley, Green and Gorski, JJ.