Brendle v Roberts-Brendle (2019 NY Slip Op 01049)





Brendle v Roberts-Brendle


2019 NY Slip Op 01049


Decided on February 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
HECTOR D. LASALLE
ANGELA G. IANNACCI, JJ.


2016-03945
 (Index No. 1421/12)

[*1]Franz W. Brendle, appellant, 
v
Corina Marie Roberts-Brendle, respondent.


Jacobowitz & Gubits, LLP, Walden, NY (Christopher J. Cardinale and Kara J. Cavallo of counsel), for appellant.
Mark D. Stern, Goshen, NY, for respondent.



DECISION & ORDER
In an action for a divorce and ancillary relief, the plaintiff appeals from a judgment of divorce of the Supreme Court, Orange County (Sandra B. Sciortino, J.), dated February 16, 2016. The judgment of divorce, insofar as appealed from, upon an amended decision of the same court dated December 11, 2015, made after a nonjury trial, imputed income to the plaintiff in the sum of $150,000 per year and awarded the defendant maintenance in the sum of $2,500 per month for 10 years or 120 payments and, thereafter, in the sum of $1,250 per month until the defendant reaches the age of 66.
ORDERED that the judgment of divorce is affirmed insofar as appealed from, with costs.
The parties were married in 1996 and are the parents of two children. The plaintiff appeals from so much of a judgment of divorce as imputed income to him and awarded the defendant maintenance.
A trial court is not bound by "a party's own account of his or her finances, but may impute income [to a party] based upon the party's past income or demonstrated future potential earnings" (Sotnik v Zavilyansky, 101 AD3d 1102, 1103 [internal quotation marks omitted]; see Greisman v Greisman, 98 AD3d 1079; Haagen-Islami v Islami, 96 AD3d 1004). Here, the Supreme Court providently exercised its discretion in imputing an annual income of $150,000 to the plaintiff based on his past earnings and demonstrated earning capacity (see Greenberg v Greenberg, 162 AD3d 870; Khaimova v Mosheyev, 57 AD3d 737; Matter of Bibicoff v Orfanakis, 48 AD3d 680; Ivani v Ivani, 303 AD2d 639). Contrary to the plaintiff's contention, the imputation of income to him was not based on the expert's valuation of the parties' business but on other evidence (see Tweedy v Bonnie Castle Yacht Basin, Inc., 73 AD3d 1455, 1455; Matter of Evangeline X., 256 AD2d 683, 684).
The amount and duration of maintenance is committed to the sound discretion of the trial court, and each case is to be decided on its own unique facts (see Carr-Harris v Carr-Harris, 98 AD3d 548, 551; Wortman v Wortman, 11 AD3d 604, 606; Mazzone v Mazzone, 290 AD2d 495, 496). A court is required to consider the statutory factors set forth in Domestic Relations Law [*2]former § 236(B)(6)(a) (see Shortis v Shortis, 274 AD2d 880; Mulverhill v Mulverhill, 268 AD2d 948). Here, the Supreme Court providently exercised its discretion in awarding the defendant maintenance in the sum of $2,500 per month for 10 years or 120 payments and, thereafter, in the sum of $1,250 per month until the defendant reaches the age of 66. The court considered the statutory factors, including the length of the marriage, the age of the defendant, the fact that the defendant's earning capacity is much more limited than the plaintiff's earning capacity, the standard of living that the parties had during the marriage, the fact that the defendant's equitable share of the parties' business was limited to $50,000 pursuant to a stipulation by the parties, and the fact that the plaintiff was receiving sole title to the parties' business and a second business, a restaurant that the plaintiff opened after the commencement of this divorce action.
DILLON, J.P., MILLER, LASALLE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court