■ EDWARD RAGER, Appellant, v. LOUIS J. LEFKOWITZ, as Attorney-General of the State of New York, Respondent.

*Per Curiam.* This is an appeal from an order dismissing the amended complaint for insufficiency and the judgment thereon. On a motion addressed to the sufficiency of a pleading we may give effect to undisputed facts. (CPLR 3211.)

The first cause of action alleges a trespass on January 21, 1963 by one Hogan " under the employment of the defendant"; the second cause of action is for intentional misconduct by agents of defendant in the service of legal papers causing fright and illness to plaintiff's wife and secretary and interfering with the performance and enjoyment of their work; the third cause of action is on an allegedly libelous writing addressed to the court in a judicial proceeding; the fourth cause of action is in slander grounded on a statement made spontaneously by one Thomas, a subordinate of defendant described as an " employee", in response to plaintiff's accusations publicly made against defendant; the fifth cause of action is in libel based on a press release consequent on a pending proceeding against plaintiff's client wherein plaintiff is described as " reckless and irresponsible"; and the sixth cause of action is a conglomeration of impertinent, scandalous and conclusory allegations in large measure repetitive of those made by the plaintiff in *Matter of Getting* v. *Simon* (19 A D 2d 520, affd. 13 N Y 2d 964) and there stricken.

" Public officers performing their duties through the agency and with the assistance of subordinate agents employed by them, whether acting gratuitously or for a compensation, are not answerable for the neglects or wrongful acts of their subordinates. * * * Sheriffs are an exception to the rule, for the reason that the poundage and other fees to which they are entitled for acts done by their deputies is deemed a just equivalent for their responsibilities." (*Cardot* v. *Barney,* 63 N. Y. 281, 286; *Dowler* v. *Johnson,* 225 N. Y. 39, 42; cf. *Rager* v. *McCloskey,* 305 N. Y. 75, 80.) Defendant may not be held liable for the conduct of his subordinates on the maxim of *respondeat superior.*

Plaintiff, in order to sustain the first cause of action, is required unequivocally to allege and prove the acts complained of were performed at the direction of the defendant. The allegations of "instigation" and "employment" are too conclusory in the light of defendant's public office and the facts constituting defendant's alleged direction concerning the acts complained of must be stated with some degree of specificity. Consequently, the first cause of action as alleged must fall.

The second cause of action is also insufficient in that it is based on attempts to serve papers personally upon the plaintiff, an attorney. Although, as plaintiff alleges, personal service may not be necessary, defendant was within his rights in causing the papers to be served personnally. Moreover, no special damages are alleged and plaintiff may not rely on the alleged injury or damage to his wife and secretary.

The third cause of action based on a writing dated April 11, 1963 addressed to the court is one made in a judicial proceeding which does not appear impertinent or irrelevant beyond doubt and therefore is privileged. (Seltzer v. Fields, 20 A D 2d 60, affd. 14 N Y 2d 624.)

The fourth cause of action is in slander. Plaintiff publicly made certain statements concerning defendant which were spontaneously responded to by his assistant as follows: "You are a * * * liar." Defendant was not present at the time; he had no knowledge of plaintiff's intention to attack him verbally and publicly. Hence, there is no basis for assuming that the response was authorized by the defendant. (Sauter v. New York Tribune, 305 N. Y. 442.) Moreover, the alleged statement is not slanderous per se (Karelas v. Baldwin, 237 App. Div. 265, 269) and no special damages are alleged.

The fifth cause of action is in libel. Defendant is alleged to have published on April 30, 1963 of the plaintiff: "He is reckless and irresponsible." A proceeding was then pending against a client of the plaintiff concerning which public statements had been made by plaintiff. Defendant was characterizing statements by the plaintiff in a particular matter and not the character of the plaintiff. In such case, in the absence of special damages, there is no cause of action. (Mattice v. Wilcox, 147 N. Y. 624, 630; Twiggar v. Ossining Print. & Pub. Co., 161 App. Div. 718.)

Plaintiff's brief concedes much of what is alleged in the sixth cause of action is impertinent. Plaintiff at this time seeks leave to replead on the basis of the allegations of paragraphs 40, 87, 89, 94, 99, 100 and 101 of the amended complaint. We have carefully reviewed the said allegations and conclude they are conclusory and devoid of factual content and therefore afford no valid basis for leave to replead.

The judgment and order should be affirmed, without prejudice, however, to plaintiff bringing a new action on the claim purportedly alleged in the first cause of action in proper form if plaintiff be so advised, with costs to defendant-respondent.

Breitel, J. P., McNally, Stevens, Steuer and Bastow, JJ., concur.

Order and judgment unanimously affirmed, with costs to respondent, without prejudice, however, to plaintiff bringing a new action on the claim purportedly alleged in the first cause of action in proper form if plaintiff be so advised.