■ ARTHUR LEVITT, as Comptroller of the State of New York, Respondent, v CITY OF UTICA, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered March 29, 1976 in Albany County, which granted a motion by plaintiff for summary judgment and denied defendant's cross motion for leave to serve an amended answer. In 1939, upon the insolvency of its employee pension plan, the defendant City of Utica voluntarily joined the New York State Employees' Retirement System. To cover past service liability it was determined that the city would make an annual deficiency contribution at the rate of 25.033% of its payroll. Although the original deficiency contribution period was 30 years, the period was extended to 40 years to accommodate increased retirement benefits. In 1967, however, the city's burden was reduced by the enactment of section 23 (subd [b], par 2, cl [e]) of the Retirement and Social Security Law under which the last deficiency contribution would be for the fiscal year ending March 31, 1972. The city paid the said deficiency contribution for each fiscal year through 1970, but refused to pay such contribution, in the sum of $411,261, for the fiscal year 1971. After a hearing, a decision dated June 21, 1973 was issued by a hearing officer which found that the computations of the city's liability for deficiency contributions had been made "in accordance with the law" and denied the application for recomputation. Subsequently, the city commenced an action in Supreme Court seeking to review the administrative determination and to recover $2,500,000 in alleged overpayments. This suit was dismissed by Special Term in May, 1974 on the basis of the doctrine of sovereign immunity (see NY Const, art VI, § 9; Court of Claims Act, §§ 8, 9). An appeal was commenced, but was not perfected and subsequently dismissed. This action was commenced by the plaintiff Comptroller, pursuant to subdivision (e) of section 17 of the Retirement and Social Security Law, to recover the city's unpaid deficiency contributions for the fiscal years ending in March, 1971 and March, 1972, in the respective sums of $411,261 and $8,236. The city first answered only by general denials, but thereafter, by way of cross motion in response to the Comptroller's motion for summary judgment, sought leave to amend its answer to assert three affirmative defenses and a counterclaim. We agree with Special Term that the Comptroller is entitled to summary judgment and that the cross motion should be denied. Subdivision (b) of section 23 of the Retirement and Social Security Law requires that each participating employer make three contributions annually; the normal contribution, the deficiency contribution and the administrative contribution. The rate of the deficiency contribution is fixed for employers, such as the defendant, which were participating on July 1, 1948, as to "continue to be the rate theretofore determined pursuant to law" (Retirement and Social Security Law, § 23, subd [b], par 2, cl [a]). There is no allegation in the city's papers which suggests that its said rate was not fixed pursuant to law. There is no indication that the termination

date of the city's deficiency contribution was incorrectly fixed under section 23 (subd [a], par 2, cl [e]). The city's conclusory allegations, set forth as affirmative defenses in the proposed amended answer, that its rate is arbitrary, unjust and discriminatory are unsupported, belied by the evidence contained in this record and insufficient to defeat a motion for summary judgment (*Capelin Assoc. v Globe Mfg. Corp.,* 34 NY2d 338). Nor do such conclusory allegations, devoid of factual content or support, provide a basis for leave to replead (*Rager v Lefkowitz,* 20 AD2d 867). The city's counterclaim for alleged overpayments of deficiency contributions appears to be for the same sums sought in the action brought in 1973 and thereafter dismissed. As the appeal has been dismissed, this claim would seem to be barred by the doctrine of *res judicata.* In any event, the claim is not the proper subject of a Supreme Court action. Order affirmed, without costs. Greenblott, J. P., Sweeney, Main, Larkin and Herlihy, JJ., concur.