■ WILLIAM J. BEININ, Respondent, v KEN BERK et al., Appellants. — Order, Supreme Court, New York County (Whitman, J.), entered July 27, 1981, unanimously reversed, on the law, and defendants-appellants' motion to dismiss the complaint granted, with costs. Plaintiff-respondent was counsel to one Lynne Wayne, remainderman of a trust. She became entitled on the death of the life tenant of the trust to the ownership of certain stock, which had been held by defendant National Surety Corp. (NSC) as collateral for the life tenant's bond. Wayne and her mother spoke to defendant Berk, an underwriter in NSC's office, who explained to them that the corporation which had issued the stock acted as its own transfer agent and that NSC had no responsibility for changing the stock's record ownership. Then, speaking of plaintiff, Berk is claimed to have said that "[h]e is no good as a lawyer" that "[h]e is not handling it right" referring to a matter wherein plaintiff was attorney for Wayne; and that "[h]e is not putting * * * much effort into it". Suit was brought on these statements as slanderous, with a second cause stated against Berk's employer on the theory of *respondeat superior.* Aside from a denial that the statements were made — which, for our purposes, may be assumed — it appears to us that no cause has been pleaded and that the complaint is dismissible. The statements were made in a particular context, that is that plaintiff had dispatched Wayne on a wild goose chase to get her stock. They do not charge professional incompetence, but merely that plaintiff had not properly conducted a particular transaction. At worst, they are no more than expressions of opinion. (See *Rager v Lefkowitz,* 20 AD2d 867; *Mattice v Wilcox,* 147 NY 624.) Nor does it appear that plaintiff has been subjected to special damage. We deem it unnecessary on these facts to determine as well whether Berk, in the circumstances, had a business duty to speak out, and nothing has been presented even to hint at malice. The complaint should have been dismissed. Concur — Sandler, J. P., Ross, Markewich, Silverman and Milonas, JJ.