■ STEPHEN N. ERLITZ, Appellant, v SEGAL, LILING & ERLITZ et al., Respondents.—In an action for an accounting, the

plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hurowitz, J.), dated September 19, 1986, as granted that branch of the defendants' motion as sought leave to amend their answer to include twelfth and thirteenth counterclaims and denied the plaintiff's cross motion to dismiss the defendants' first and eighth counterclaims.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the defendants' motion which was to amend their answer to include twelfth and thirteenth counterclaims is denied and the plaintiff's cross motion to dismiss the first and eighth counterclaims is granted.

The plaintiff had been involved in a partnership for the practice of law under the name of Segal, Liling & Erlitz for the period between May 1977 and approximately February 15, 1982. From the latter date until approximately May 20, 1982, the plaintiff practiced law with the partnership of Segal, Liling, Erlitz & Greenberg. On or about May 20, 1982, the defendant Segal notified the plaintiff of the dissolution of that partnership. Despite alleged demands therefor, the plaintiff was never afforded an accounting with respect to his interest in the assets of either partnership nor was he informed of his portion of outstanding fees due him as his share of the respective profits. Accordingly, the plaintiff commenced the instant action for an equitable accounting and the winding up of the affairs of his two former law partnerships with the defendants.

In the course of their answer, the defendants asserted 11 counterclaims, including a claim for damages predicated upon the alleged legal malpractice of the plaintiff, and a claim on behalf of the defendant Liling emanating from the plaintiff's publication of false and defamatory material detrimental to that defendant's professional reputation. The defendants thereafter moved, *inter alia,* for leave to serve an amended answer containing two additional counterclaims, i.e., an additional counterclaim based on legal malpractice and a new counterclaim based on a theory of implied contract.

The plaintiff cross-moved for an order dismissing the first and eighth counterclaims of the original answer. Additionally, the plaintiff opposed the defendants' motion, *inter alia,* for leave to amend their answer, contending essentially that none of the four disputed counterclaims states a valid cause of action. We agree.

The defendants' eighth counterclaim merely alleges that

"plaintiff gave a sworn affidavit in the Office of Court Administration for the Appellate Division, First Department, of the New York State Supreme Court, stating that defendant Liling had failed to file a retainer statement as to a personal injury claim, in accordance with the rules of said Appellate Division". CPLR 3016 (a) provides that "[i]n an action for libel or slander, the particular words complained of shall be set forth in the complaint, but their application to the plaintiff may be stated generally". The requirement that the defamatory words must be quoted verbatim is strictly enforced *(see, Gardner v Alexander Rent-A-Car,* 28 AD2d 667). This requirement has clearly not been satisfied in the instant case. Consequently, the eighth counterclaim must be dismissed as a matter of law. We note, furthermore, that a reading of the allegations indicates that the plaintiff did not charge professional incompetence, but merely stated that Liling had failed to file a retainer statement as to a personal injury claim. The plaintiff averred that the incident referred to arose when he "could not find a copy of a retainer statement in my file and merely asked the Office of Court Administration for permission to file one nunc pro tunc". Nothing has been presented which hints of malice on the part of the plaintiff. Nor does it appear that Liling has been subjected to special damages *(see, Beinin v Berk,* 88 AD2d 884, *affd* 58 NY2d 660).

While an action at law will not ordinarily lie against a wrongdoing partner or his agents for otherwise lawful acts committed with an intent to harm the other partners during the duration of the partnership, the wrongdoing partner can be compelled to account in equity *(see, Pace v Perk,* 81 AD2d 444, 453). In the instant case, we conclude that the issues raised with respect to the defendants' allegations of legal malpractice can best be resolved by means of an accounting without the necessity of separate counterclaims. Accordingly, so much of the defendants' motion which was to amend their answer to include a twelfth counterclaim should have been denied and that branch of the plaintiff's cross motion which was to dismiss the first counterclaim should have been granted.

With respect to the thirteenth counterclaim, there has not been a sufficient basis alleged from which to infer the existence of an obligation from the plaintiff to the defendant Segal. Nor was there any indication that the defendant Segal was improperly induced into making the subject payment. The mere evidence of a benefit received does not suffice to imply the existence of a contract. "Enrichment alone will not suffice

to invoke the remedial powers of a court of equity" *(McGrath v Hilding,* 41 NY2d 625, 629).

Inasmuch as the defendants' proposed amendments to their answer were palpably insufficient as a matter of law *(see, Norman v Ferrara,* 107 AD2d 739, 740), the court erred in granting the branch of their motion which was for leave to amend their answer to include the twelfth and thirteenth counterclaims. Furthermore, the plaintiff's cross motion to dismiss the first and eighth counterclaims should have been granted for the reasons stated herein. Mollen, P. J., Lawrence, Weinstein and Balletta, JJ., concur.