■ ALEN MACWEENEY, INC., Respondent, v ESQUIRE ASSOCIATES, by its General Partner, ESQUIRE PUBLISHING, INC., Appellant, et al., Defendants.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered August 27, 1990, which after non-jury trial, awarded plaintiff $283,500, plus interest, costs and disbursements, unanimously modified on the law and the facts, to the extent of reducing said award to $30,000, plus interest, costs and disbursements, and the judgment is otherwise affirmed. The appeal from the order of said court and Justice, entered August 8, 1990 is dismissed as subsumed within the appeal from the final judgment, without costs.

In March, 1986, plaintiff's principal, Alen MacWeeney, was retained to shoot photographs for the cover of New York Woman magazine. The parties agreed he was to be paid $500, plus expenses, for his efforts; that the photographs would depict three scenes from the life of a young female business executive; that the subject of all the photographs would be a single model; and that if the photographs were selected for use by the magazine, the parties would then negotiate separate and additional compensation. In one day of work in his studio, MacWeeney shot 800 photographs and then left the country on a business trip. It was left to his agent to develop and select slides and transparencies for submission to defendant. Defendant chose not to utilize plaintiff's work, but upon plaintiff's demand, was unable to return the 189 slides and transparencies it had received, due to misplacement or loss.

We find Supreme Court's award to be excessive to the extent indicated. The Trial Court's finding that there is a custom in the magazine business to compensate photographers $1,500 per slide in the event of loss is against the weight of the evidence. This record, as well as case law, makes it clear that no such standard exists, without, *inter alia,* a consideration of the uniqueness of the subject matter of the slides and the earning level of the photographer *(see, Miller v Newsweek, Inc.,* 675 F Supp 872, 876). Here, there can be no dispute that the misplaced or lost slides and transparencies were generic images of a young female executive, in then current business dress. Indeed, at least 114 of the slides were of the same pose, and the balance were of only two other poses. The record indicates that the results of this one day photographic session could be reshot at a cost of between $1,080 and $10,000. Upon defendant's decision not to utilize plaintiff's work, the primary value of the slides and transparencies was in the stock photography trade. While MacWeeney was quite a successful photographer, earning $265,000 in 1986, there was no basis for the award to exceed that year's salary, where less than 5% of such income was derived from stock photography fees, none of that coming from generic photographs of this type.

We note that in our prior ruling in *Girard Studio Group v Young & Rubicam* (147 AD2d 357), wherein this Court reduced a jury award for 80 lost slides to $120,000, there was evidence that the lost slides represented classics from a long career; and that the costs of reshooting the photographs would be approximately $384,000. Concur—Murphy, P. J., Sullivan, Kassal and Smith, JJ.