(January 7, 1993)

■ GEORGE NIERENBERG et al., Respondents-Appellants, v WURSTERIA, INC., Doing Business as YELLOWFINGERS, Appellant-Respondent.—Judgment, Supreme Court, New York County (Myriam J. Altman, J.), entered January 30, 1991, which, after a nonjury trial, awarded plaintiff $138,929, plus interest, costs and disbursements, unanimously modified, on the law and the facts, to the extent of reducing said award to $48,179, plus interest, costs and disbursements, and otherwise affirmed.

Plaintiff, a professional photographer and filmmaker, entered defendant's restaurant with a luggage cart containing photography equipment and a slide tray containing original professional photographic transparencies. The host of defendant's restaurant, which had no checkroom, prevented plaintiff from taking the cart to his table and instead offered to put the cart in the restaurant's computer area. Plaintiff repeatedly apprised defendant's host that his belongings were "very valuable" and irreplaceable, and only consented to leaving his possessions in the computer room after repeated assurances by both defendant's host and the manager that his property would be safe therein. Shortly thereafter, plaintiff's possessions were stolen from the computer room by two unknown persons who entered and exited through a rear door of the restaurant that had been left unlocked and unattended in violation of defendant's own security policy.

We agree with the trial court's findings on liability, in that a bailment for hire for the mutual benefit of both parties had been established when defendant took possession of plaintiff's valuable and irreplaceable property and placed it in its computer room and that plaintiff had sustained his burden of proving that defendant failed to exercise reasonable care in safeguarding the property. We also concur in the apportionment determination that plaintiff was 25% liable for the loss by failing to minimize the damages by removing the slide tray from the luggage cart prior to the theft (Rosen v Village Chevrolet, 63 Misc 2d 174). However, as in Girard Studio Group v Young & Rubicam (147 AD2d 357) and Alen MacWeeney, Inc. v Esquire Assocs. (176 AD2d 217), we find the damages awarded to be excessive to the extent indicated. As we stated in MacWeeney (supra, at 218), in reducing an award for lost transparencies, "[t]he Trial Court's finding that there is a custom in the magazine business to compensate photographers $1,500 per slide in the event of loss is against the weight of

the evidence. This record, as well as case law, makes it clear that no such standard exists, without, *inter alia,* a consideration of the uniqueness of the subject matter of the slides and the earning level of the photographer *(see, Miller v Newsweek, Inc.,* 675 F Supp 872, 876)." Here, while there was evidence as to the alleged uniqueness of the stolen slides, there was also evidence that plaintiff derived his income primarily from his filmmaking activities and that he earned very little from the selling of slides.

Based upon the foregoing, the award should be reduced to $48,179, plus interest, costs and disbursements, representing damages of $500 per slide based upon the special circumstances revealed in the record for the 121 missing transparencies, less 25% for plaintiff's comparative negligence, plus $2,804 for the loss of plaintiff's photographic equipment. Concur—Murphy, P. J., Carro, Wallach, Ross and Rubin, JJ.