■ JEFFREY E. BLACKMAN, Respondent, v MICHAEL FRIEDMAN PUBLISHING GROUP, INC., Appellant. [607 NYS2d 43] —Judgment, Supreme Court, New York County (Myriam Altman, J.), entered January 26, 1993, which, after a nonjury trial, awarded the plaintiff damages of $146,000 plus interest from May 19, 1987, unanimously modified, on the law and the facts and in the exercise of discretion, to reduce the award to $58,400 plus interest and otherwise affirmed, without costs.

Defendant failed to exercise reasonable care by losing or misplacing 146 of the plaintiff's transparencies *(I.C.C. Metals v Municipal Warehouse Co.,* 50 NY2d 657). The proper standard to determine plaintiff's damages is a consideration of the uniqueness of the transparencies and plaintiff's earning potential *(see, Nierenberg v Wursteria, Inc.,* 189 AD2d 571, 572, *lv denied* 82 NY2d 651).

While there was some testimony concerning plaintiff's earning potential, the record is barren of any evidence establishing the lost transparencies' uniqueness *(see, Alen MacWeeney, Inc. v Esquire Assocs.,* 176 AD2d 217, *lv dismissed* 79 NY2d 1015). Upon consideration of the subject matter of the slides and plaintiff's earning level, we conclude that the award should be

reduced to $400 per transparency. Concur—Murphy, P. J., Sullivan, Ross, Rubin and Tom, JJ.