NEW YORK MEDICAL COLLEGE, Appellant, v HISTOGENETICS, INC., et al., Respondents. [774 NYS2d 356]—

In an action to recover damages for conversion, breach of contract, and fraud, the plaintiff appeals from an order of the Supreme Court, Westchester County (Lefkowitz, J.), entered November 7, 2002, which granted the defendants' motion to dismiss the first and third causes of action to recover damages for conversion and fraud, respectively, pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendants' motion which was to dismiss the first cause of action to recover damages for conversion and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The allegations supporting the plaintiff's second cause of action arise out of the defendants' alleged breach of a contract to purchase certain items of medical research equipment, reportedly owned by the plaintiff, in accordance with the parties' letter agreement dated May 15, 2001. The specific items to be

purchased were designated in the agreement by the letter "H." In contrast, the allegations supporting the plaintiff's first cause of action arise out of the defendants' alleged refusal, upon the plaintiff's demand in December 2001, to return, inter alia, equipment designated in the agreement by the letter "R," which equipment the defendants were under no obligation to purchase. As the allegations supporting the breach of contract cause of action are distinct from those giving rise to the conversion cause of action, the claims alleging breach of contract and conversion are not duplicative (*see Bender Ins. Agency v Treiber Ins. Agency,* 283 AD2d 448, 450 [2001]; *cf. Bettan v Geico Gen. Ins. Co.,* 296 AD2d 469, 470 [2002]; *Mecca v Shang,* 258 AD2d 569, 570 [1999]). Therefore, the Supreme Court erred in dismissing the first cause of action.

The third cause of action to recover damages for fraud was properly dismissed as the complaint is devoid of factual allegations that the defendants knew, at the time the alleged misrepresentations were made, that they were false, and that at such time, the defendants had the intent to deceive (*see New York Univ. v Continental Ins. Co.,* 87 NY2d 308, 318 [1995]; *G & F Assoc. Co. v Brookhaven Beach Health Related Facility,* 249 AD2d 441, 443 [1998]; *Abelman v Shoratlantic Dev. Co.,* 153 AD2d 821 [1989]; CPLR 3016 [b]; *cf. Sabo v Delman,* 3 NY2d 155 [1957]).

The plaintiff's remaining contentions are without merit. Santucci, J.P., Florio, Schmidt and Mastro, JJ., concur.