■ T. J. Muldoon, Respondent, v Blue Water Pool Services, Inc., Appellant, and Walker & Weiss et al., Defendants. [775 NYS2d 583]—In an action, inter alia, to recover damages for breach of contract, the defendant Blue Water Pool Services, Inc.

appeals, as limited by its brief, from so much an order of the Supreme Court, Westchester County (Barone, J.), entered February 26, 2003, as denied those branches of its cross motion which were, in effect, for summary judgment dismissing the first, second, fourth, fifth, eighth, and ninth causes of action insofar as asserted against it, and for summary judgment on its counterclaims.

Ordered that the order is modified, on the law, by deleting the provisions thereof denying those branches of the cross motion which were, in effect, for summary judgment dismissing the second, fourth, fifth, and eighth causes of action and substituting therefor provisions granting those branches of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff commenced this action alleging, inter alia, that the defendant Blue Water Pool Services, Inc. (hereinafter Blue Water), breached a contract to resurface his pool. Blue Water counterclaimed for breach of contract and to recover damages in quantum meruit. The plaintiff moved for summary judgment on his complaint insofar as asserted against Blue Water, and Blue Water cross-moved, in effect, for summary judgment dismissing the complaint insofar as asserted against it, and on its counterclaims.

In opposition to Blue Water's prima facie demonstration of entitlement to judgment as a matter of law dismissing the complaint, the plaintiff failed to raise a triable issue of fact except as to the first cause of action for breach of contract and the ninth cause of action to vacate Blue Water's mechanic's lien. With respect to the second cause of action sounding in tort, the plaintiff failed to raise a triable issue of fact regarding whether Blue Water breached a legal duty independent of the contract itself (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 [1987]; Teller v Bill Hayes, Ltd., 213 AD2d 141 [1995]). With respect to the fourth cause of action, the plaintiff failed to raise a triable issue of fact that Personal Property Law article 10-A was applicable to the circumstances presented (see Personal Property Law § 426 [1] [d]).

Blue Water's remaining contentions are without merit. Prudenti, P.J., Ritter, H. Miller and Adams, JJ., concur.