■ OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, Respondent, v CARDINAL ABSTRACT CORP. et al., Defendants, and H.R.C. HOLDING CORP. et al., Appellants. [790 NYS2d 143]—

In an action, inter alia, to recover damages for breach of contract, fraud, unjust enrichment, and conversion, the defendants H.R.C. Holding Corp. and Joseph Paradelo appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated June 10, 2003, as denied their motion to dismiss the complaint pursuant to CPLR 3211 (a) (3) and (7) for lack of standing and for failure to state a cause of action, to vacate a preliminary injunction dated April 24, 2002, entered upon their stipulation with the plaintiff, or in the alternative, to direct the plaintiff to post an undertaking.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, the preliminary injunction insofar as asserted against the appellants is vacated, and the action against the remaining defendants is severed.

The Supreme Court should have granted the motion of the defendants H.R.C. Holding Corp. and Joseph Paradelo (hereinafter the appellants) to dismiss the complaint insofar as asserted against them on the ground that it failed to state a cause of action (see CPLR 3211 [a] [7]).

To the extent that the first cause of action seeks to impose a

constructive trust, the complaint fails to state a cause of action since it does not allege that there was a fiduciary duty running from the appellants to the plaintiff, and that the plaintiff transferred property in reliance on promises made by the appellants arising out of that fiduciary duty (see Ellner v Pope, 285 AD2d 624, 625 [2001]; Levy v Moran, 270 AD2d 314, 315 [2000]; cf. Fedziuk v Conroy, 199 AD2d 300 [1993]; Crown Realty Co. v Crown Hgts. Jewish Community Council, 175 AD2d 151 [1991]). Similarly, to the extent that the first cause of action seeks to recover damages based on negligence, it should have been dismissed because it fails to allege facts which, if proven, would establish that the appellants breached a duty of care independent of any purported contractual obligation (see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 389 [1987]; Muldoon v Blue Water Pool Servs., 7 AD3d 496, 497 [2004]).

The third cause of action to recover damages for conversion should have been dismissed because the complaint fails to allege facts establishing that the appellants had title, possession, or control over any money or property allegedly converted by them (see El-Khoury v Karasik, 265 AD2d 372, 373 [1999]; Galtieri v Kramer, 232 AD2d 369 [1996]). Also, mere conclusory language, absent specific and detailed allegations establishing a material misrepresentation of fact, knowledge of falsity or reckless disregard for the truth, scienter, justifiable reliance, and damages proximately caused thereby, is insufficient to state a cause of action for fraud (see New York Med. Coll. v Histogenetics, Inc., 6 AD3d 410 [2004]; CPLR 3016 [b]). Similarly, the plaintiff's allegation that the appellants received benefits, standing alone, is insufficient to establish a cause of action to recover damages for unjust enrichment (see McGrath v Hilding, 41 NY2d 625, 629 [1977]; Erlitz v Segal, Liling & Erlitz, 142 AD2d 710, 712-713 [1988]).

The fourth cause of action for contribution and indemnification should have been dismissed as the complaint fails to allege that the plaintiff is or will be liable for the same third-party claims as the appellants (see CPLR 1401; McDermott v City of New York, 50 NY2d 211, 216-217 [1980]).

The fifth cause of action for a permanent injunction and declaratory relief should have been dismissed because the complaint fails to identify any property or money belonging to the plaintiff which was subject to transfer by the appellants, and fails to assert that the plaintiff did not have an adequate remedy at law (see Dairy Barn Stores v Bill's Friendly Auto Serv., 236 AD2d 578, 579 [1997]).

The appointment of a receiver is not a form of ultimate relief

that can be awarded in a plenary action, but rather, is limited as a provisional remedy (*see* CPLR 6401 [a]) or as an aid in post-judgment enforcement (*see* CPLR 5228). Accordingly, the sixth cause of action should have been dismissed. H. Miller, J.P., Crane, Spolzino and Skelos, JJ., concur.