OPINION OF THE COURT
Fred J. Hirsh, J.
Plaintiffs move for summary judgment on their first and third causes of action and/or to strike defendants’ answer for failure to comply with a prior order of this court directing discovery and/or to compel discovery.
Background
“Long ago, it must be, I have a photograph, preserve your memories, they’re all that’s left you.” (Paul Simon, “Bookends.”)
What damages can the bride and groom recover when the memories that were supposed to be preserved of their wedding in photographs are not preserved?
Stephanie Spector and Jacob Whalen (collectively Whalen) were married on August 20, 2011. They will never be able to fully relive their wedding in pictures because the defendant Unique Vision Studios (Unique) did not properly transfer all of their wedding photographs from camera to computer.[1]
Jacob entered into a written agreement with Unique dated *313 December 2, 2010 pursuant to which Unique was to provide 10 hours of photography at an unlimited number of locations, blended style photography, 300-500 high resolution color corrected and retouched images on a DVD with rights to reproduce and a password protected web gallery with the option to purchase prints, two parent 8 inch by 8 inch photo books, an engagement photo shoot and a 16 inch by 20 inch canvas print.
Unique provided a photographer and photographer’s assistant for Whalen’s wedding who took the required photographs at all the appropriate locations.
The photographs were taken on a digital camera and were recorded on a memory card. When the photographer got back to Unique’s studio, the photographs were supposed to be transferred from the memory card in the camera used to photograph Whalen’s wedding to Unique’s computer for color correction and retouching.
Unique believed all the photographs had been downloaded from the memory card to its computer. Unique did not check its computer to confirm the photographs had been transferred from the memory card to the computer until Nina Sosnicka Villegas began to look at the photographs to retouch the images and do the color corrections.
Before Nina checked the photographs, Unique had reused the memory card used to shoot Whalen’s wedding and shot over some of the pictures taken of Whalen’s wedding. As a result, the photographs taken at the cocktail hour, the portraits of the entire bridal party, the photographs of the bride with her maid of honor and bridesmaids and the family portraits were permanently lost.
Whalen has received the photographs of the bride and groom alone, the bridal party getting ready for the wedding, the wedding ceremony, the first dance, the bride’s dance with her mother, the groom’s dance with his mother and photographs of the bride and the groom cutting the cake. Whalen claims these photographs were taken by the photographer’s assistant and are of inferior quality. Whalen claims these photographs do not show all subjects of the shots and are unedited. Plaintiffs claim none of the photographs they received were color corrected or retouched.
Neither party indicates whether Stephanie’s or Jacob’s parents have received their photo books, whether Whalen has received its 16 inch by 20 inch canvas or the photographs of the engagement photo shoot and/or if Unique posted a web gallery.
*314 By motion submitted to the court on June 12, 2012, plaintiffs previously moved for summary judgment and to compel discovery. By order dated August 21, 2012, this court denied plaintiffs’ motion for summary judgment on the grounds plaintiffs’ papers were facially defective because plaintiffs had failed to attach a copy of the pleadings to the papers. The court further found the papers were insufficient as a matter of law to establish a prima facie entitlement to judgment as a matter of law. Plaintiffs have not appealed from or moved to renew or reargue the court’s August 21, 2012 decision and order.
The court’s order dated August 21, 2012 also directed defendants to provide responses to items 3, 5, 6 and 8 of plaintiffs’ notice to produce. The order found plaintiffs’ demand for interrogatories and notice to admit palpably improper and vacated the demand for interrogatories and notice to admit.
Whalen moves again for summary judgment on its first and third causes of action.
In the first cause of action, Whalen seeks to recover in breach of contract the money it paid Unique for the photographs together with costs incurred to rent the Vanderbilt Museum for family and wedding party portraits, costs incurred for a limousine to transport the family and wedding party to the Vanderbilt Museum and from the Vanderbilt Museum to the reception and additional costs incurred for hair and makeup services for the bride, the bride’s and groom’s mothers and the bridal party at the Vanderbilt Museum and wedding venue.
In the third cause of action, Whalen seeks to recover damages for the costs it claims it will incur to re-shoot the lost wedding photos including $4,748 to rent the catering hall at which the wedding and reception were held for four hours and food for 50 people, $1,200 for flowers, $1,884 for tuxedos for the groom, groomsmen, the bride’s father and the ring bearer, $700 for fittings for the bridal party, $1,990 for hair and makeup, $1,957 for travel expenses and $2,440 to pay another photographer to shoot the pictures.[2] The third cause of action seeks these damages in contract and tort based upon defendants “gross breach” of the original contract and “gross negligence” in shooting and losing the wedding photographs. (See complaint If 30.)
*315 In addition to the original agreement, the third cause of action is based upon a November 7, 2011 email from Nina to Stephanie advising Stephanie some of the photos had been lost. The email stated one of the memory cards had produced corrupted files. Nina stated she did not learn of this problem until she began editing the photos. The email further stated Unique had never previously had this problem. Stephanie was advised Unique made efforts to recover the corrupted photos but could not. The email advised Stephanie the family portraits, the photos of Stephanie and the bridesmaids and group photos of the bridal party were corrupted and unrecoverable.
The email stated a second camera had been used to shoot the wedding and these photos were saved and would be provided. In this email, Nina offered to re-shoot the lost photos.
On November 17, 2011, Whalen’s attorney sent a letter to Unique advising Unique Whalen would accept the offer of a re-shoot provided it was done “TIME IS OF THE ESSENCE.”
Unique never re-shot the lost photos. Whalen never had the lost photos re-shot.
Whalen asserts defendants have not complied with the court’s prior order directing defendants to respond to items 3, 5, 6, and 8 of plaintiffs’ notice to produce. Defendants assert they responded by letter dated August 29, 2012 in which defendants assert they have previously provided Whalen with a copy of the contract (item 3), prints of all unedited photographs (item 5), prints of all edited photographs (item 6) and all print screens and web galleries of images of Whalen’s wedding (item 8). Defendants claim they do not have any discs, flash drives, thumb drives or any other electronic devices containing images of plaintiffs’ wedding other than what it has already provided to Whalen (item 7).
Discussion
Plaintiffs’ motion for summary judgment could be summarily denied on the grounds their papers are procedurally defective because plaintiffs have failed to attach a copy of the pleadings to their motion papers. (Mieles v Tarar, 100 AD3d 719 [2d Dept 2012]; Zellner v Tarnell, 54 AD3d 329 [2d Dept 2008]; Matsyuk v Konkalipos, 35 AD3d 675 [2d Dept 2006]; CPLR 3212 [b].) Plaintiffs’ motion papers do not contain a copy of the defendants’ answer. The defendants’ answer is a pleading. (CPLR 3011.)
Denying the motion on this basis would simply delay the final resolution of this action and would leave open the issue of what *316 damages Whalen is entitled to recover. Since the court clerk’s file contains a copy of defendants’ answer, the court will consider the filed answer in deciding the motion.
Whalen’s first and third causes of action are actions to recover damages for breach of contract. Plaintiffs establish a prima facie cause of action for breach of contract by establishing the contract between Whalen and the defendants, performance by Whalen, breach by the defendants and resulting damages. (JPMorgan Chase v J.H. Elec. of N.Y., Inc., 69 AD3d 802 [2d Dept 2010]; Furia v Furia, 116 AD2d 694 [2d Dept 1986]; Sylmark Holdings Ltd. v Silicone Zone Intl. Ltd., 5 Misc 3d 285 [Sup Ct, NY County 2004].)
The agreement to shoot photographs at a wedding imposes a contractual obligation on the wedding photographer to shoot the photographs in a skillful and workmanlike manner and to provide the bride and groom and their families with professional photographs in accordance with the terms of the agreement. The photographer is required to use reasonable skill and care in accordance with accepted industry practices. (Andreani v Romeo Photographers & Video Prods., 17 Misc 3d 1124[A], 2007 NY Slip Op 52141[U] [Civ Ct, Kings County 2007].)
Since the December 2, 2010 contract was breached because defendants were unable to provide the photographs they agreed to provide, the court could grant summary judgment to Whalen on the issue of liability. However, the court cannot determine based upon the pleadings and/or the papers submitted in support of the motion for summary judgment against whom summary judgment should be granted because neither the complaint nor the papers submitted in support of the motion for summary judgment indicate the type of business entity Unique was.
The complaint alleges and the answer admits Nina and Alex Villegas are the owners of Unique. However, ownership does not necessarily equal personal liability. If Unique was a corporation and Nina and Alex were the owners of the shares of the corporation or Unique was a limited liability company and Nina and Alex were the members of the limited liability company, Nina and Alex would not be personally liable for the contractual obligations of Unique. (See Walkouszky v Carlton, 18 NY2d 414 [1966]; 16 NY Jur 2d, Business Relationships § 2145 [shareholders of a corporation are not personally liable for the contractual obligations of the corporation]; Limited Liability Company Law § 102 [m] [member of a limited liability company not personally liable for contractual obligations of a limited liability company].)
*317 If Unique was a partnership at the time in question, Nina and Alex would be personally liable for Unique’s contractual obligation. (15A NY Jur 2d, Business Relationships § 1695; Partnership Law § 26 [a] [2].)
Without appropriate proof either in the pleadings or the papers, the court cannot determine who is liable to Whalen for the failure to provide all the wedding photographs and albums the photographer was required to provide and Whalen was contractually entitled to receive.
Even if the court were to grant summary judgment on the issue of liability, issues remain on damages on the first cause of action.
The first issue is whether the agreement is one for services or goods. If the contract is to provide goods, then the damages are governed by the provisions of the Uniform Commercial Code article 2.
In determining whether the agreement is one for the provisions of goods or the provision of services, the court must determine the predominant purpose of the agreement. (Milau Assoc. v North Ave. Dev. Corp., 42 NY2d 482 [1977]; Malul v Capital Cabinets, 191 Misc 2d 399 [Civ Ct, Kings County 2002].)
The agreement in question is an agreement in which the provision of photographic services predominates. No goods, wedding pictures, would be available for sale or could be provided to Whalen, its parents or guests unless and until the photographic services are properly and timely performed.
Weddings are unique, one-time events. (Griffin-Amiel v Terris Orchestras, 178 Misc 2d 71 [Yonkers City Ct 1998].) The photographs taken at the wedding provide the bride and groom and their parents with a permanent recollection of this special day.
Photographers take 300-500 photographs of a wedding because many if not most of the photographs are not “usable” in a wedding album for reasons such as a person in the photograph was not smiling, a person in the photograph was not looking at the photographer when the photo was taken, a person in the photograph blinked or a myriad of other reasons. The photographer will shoot multiple shots of the same posed picture of the bride, the bride and groom, the wedding party, the bride with her parents and family, the groom with his parents and family, etc., in the knowledge and hope that out of the numerous similar or identical poses, the bride and groom *318 and. their parents will find that one special picture. (See Roberto v Star Photo & Video, NYLJ, June 30, 2008, 2008 NY Misc LEXIS 4749 [Yonkers City Ct 2008].)
In regard to the first cause of action, plaintiffs are entitled to recover the difference between the value of the photographs provided and the value of the photographs had they been shot properly. (36 NY Jur 2d, Damages § 37.) In order to determine the proper amount of damages, the trier of fact must review the photographs and determine how many, if any, of the photographs provided to Whalen were shot in accordance with industry standards, what photographs were permanently lost and what relationship the lost photographs have to all the wedding photos. (Andreani v Romeo Photographers & Video Prods., 2007 NY Slip Op 52141[U] [2007].) The trier of fact will also have to determine what damages, if any, Whalen is entitled to receive for the failure of Unique to provide the parent’s albums, the 16 inch by 20 inch photograph, the web posting and the engagement shoot, if these items were not provided. (Id.)
In order to obtain compensation for the rental fees for the Vanderbilt Museum, the limousine service and hair and makeup expenses, Whalen must provide the trier of fact more and better proof of these damages and what the actual damages are that specifically relate to the lost photos.
The court cannot determine from the papers whether Whalen seeks to recover the full cost of the limousines even though the agreement for the limousines indicates they were rented for the full day and provided transportation not only from the hotel at which the bride and groom and wedding party were staying to the Vanderbilt Museum, but also provided for transportation from the Vanderbilt Museum to the venue where the wedding and reception were held and transportation from the wedding venue back to the hotel. Whalen does not make any attempt to distinguish between the expenses it would have incurred for limousine expenses from the hotel to the wedding venue and the additional expenses incurred to transport the wedding party from the hotel to the Vanderbilt Museum and from the Vanderbilt Museum to the venue of the wedding and wedding reception.
Whalen also fails to indicate if any of the photographs taken at the Vanderbilt Museum were preserved, how many photographs taken at the Vanderbilt Museum were lost and what relationship the lost photographs have to the photographs that were not lost. Whalen fails to indicate whether photographs *319 containing the same people or groups of people were shot at other locations and are in the saved photographs.
The court notes the bride, maid of honor, bridesmaids, and bride’s and groom’s mothers often have their hair and makeup done professionally for the wedding. Whalen does not distinguish between the general expenses incurred for hair and makeup and the specific expenses incurred in connection with the lost photographs.
Before the court can award damages on the first cause of action for the limousine and hair and makeup expenses, Whalen must establish which expenses were incurred specifically for the lost photographs as opposed to those expenses that would have been incurred in any circumstance for the wedding. (See Sagnia-Blythe v Gamblin, 160 Misc 2d 930 [Civ Ct, Bronx County 1994].)
The third cause of action raises different issues. Whalen sues to recover the costs it believes will be incurred in re-shooting the lost wedding pictures in contract and tort. Paragraph 30 of the complaint alleges the defendants committed a “gross breach” of the contract and “gross negligence.”
A breach of a contract does not give rise to a cause of action in tort in the absence of a duty independent of those created by the contract. (Sommer v Federal Signal Corp., 79 NY2d 540 [1992]; Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382 [1987]; Kiam v Park & 66th Corp., 87 AD3d 887 [1st Dept 2011], lv denied 18 NY3d 809 [2012]; Muldoon v Blue Water Pool Servs., 7 AD3d 496 [2d Dept 2004].)
New York does not recognize a separate tort cause of action for negligent performance of a contract. (Inter-Community Mem. Hosp. of Newfane v Hamilton Wharton Group, Inc., 93 AD3d 1176 [4th Dept 2012]; Drezin v New Yankee Stadium Community Benefits Fund, Inc., 94 AD3d 542 [1st Dept 2012]; Shu v Air Sea Trucking, Inc., 31 Misc 3d 132[A], 2011 NY Slip Op 50605[U] [App Term, 2d, 11th & 13th Jud Dists 2011].)
Whalen does not provide any proof defendants had any obligations relating to photographing Whalen’s wedding other than those created by the contract. Unique was obligated to provide photographic services and photographs of Whalen’s wedding, an engagement shoot and photos, a web posting of the wedding photographs, parent’s albums and a 16 inch by 20 inch photograph of Stephanie and Jacob.
CPLR 3212 (b) gives the court authority to search the record and grant summary judgment to a nonmoving party. (See Lind *320 stedt v 813 Assoc., 238 AD2d 386 [2d Dept 1997], lv dismissed 90 NY2d 1007 [1997], rearg denied 91 NY2d 867 [1997].) Since Whalen’s third cause of action is an action to recover damages for breach of contract, to the extent this cause of action seeks damages for negligence, the court searches the record and grants summary judgment to the defendants dismissing the third cause of action.
The third cause of action raises questions of whether you can ever recreate photographs taken at a unique, once in a lifetime event and what is the measure of damages, if any, the court can award Whalen to retake the lost photographs.
Whalen’s assertion that Nina’s email of November 7, 2011 creates an agreement between Nina and Unique and Whalen obligating Unique to re-shoot the lost wedding photographs is without merit. This is an offer of settlement. Such an offer may not be considered an admission of liability. (Sabin-Goldberg v Horn, 179 AD2d 462 [1st Dept 1992]; Prince, Richardson on Evidence § 8-218 [Farrell 11th ed 1995]; CPLR 4547.)
Even if the court were to consider it an offer to enter into an agreement to re-shoot the lost photographs, Whalen never accepted the offer since the parties were never able to arrange for a re-shoot.
There is little case law and no case law in New York regarding the consequential damages a bride and groom may recover when the photographer loses some or all of their wedding photographs.
The New York cases involving consequential damages for lost photographs involve the damages recoverable by a professional photographer when the photographer’s photos are lost. In these cases, the damages include the cost to re-shoot the photographs if the photographs were generic and the commercial value of the photographs to the photographer, to wit: the earnings or income lost by the photographer as a result of the photographs being lost or destroyed. (See Blackman v Friedman Publ. Group, 201 AD2d 328 [1st Dept 1994]; Nierenberg v Wursteria, Inc., 189 AD2d 571 [1st Dept 1993], lv denied 82 NY2d 651 [1993]; Alen MacWeeney, Inc. v Esquire Assoc., 176 AD2d 217 [1st Dept 1991], appeal dismissed 79 NY2d 1015 [1992].)
These factors are not present in this case. Whalen’s wedding photographs are not generic. They are special, unique and relate to its wedding that occurred nearly IV2 years ago.
In the only case the court has been able to find relating to the value of wedding photographs that were lost before they were *321 delivered to the bride and groom, the court found the sentimental value of the photographs to be speculative. The court further found no authority to award plaintiff the cost of re-shooting the photographs. (See Carpel v Saget Studios, Inc., 326 F Supp 1331 [ED Pa 1971].)
In actions for breach of contract, consequential damages can be awarded if the damages plaintiff seeks to recover were fairly within the contemplation of the parties at the time the contract was made and can be proved with reasonable certainty. (Fitzpatrick v Animal Care Hosp., PLLC, 104 AD3d 1078 [3d Dept 2013]; Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C., 97 AD3d 716 [2d Dept 2012].) The court questions whether the costs to re-take the now lost wedding photographs were within the contemplation of the parties when they entered into the December 2, 2010 agreement.
Whalen’s wedding photographs are unique. Whalen has offered no evidence the photographs of its wedding have any commercial value. The court questions whether posed wedding photographs can be retaken more than IV2 years after the wedding or whether photographs of a cocktail hour, wedding reception, first dance, the bride and groom cutting the cake, the bride tossing the bouquet, etc., can ever be restaged or retaken. Even if the pictures are retaken, Whalen would always know these photographs were not really photographs of its wedding.
Additionally, Whalen has not had the lost photos retaken. The damages Whalen seeks to recover are the estimated costs Whalen may incur in re-shooting the lost photographs. These damages are speculative and may never be incurred. Damages are awarded in breach of contract actions to compensate plaintiff for actually incurred damages or damages that can be proven with a reasonable degree of certainty. (Kenford Co. v County of Erie, 67 NY2d 257 [1986].) Awarding Whalen the costs to re-shoot the photographs without proof of the actual costs Whalen has incurred in having the photographs retaken would provide Whalen with a windfall.[3]
The party moving for summary judgment must make a prima facie showing of entitlement to judgment as a matter of law. (Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Zuckerman v City of New York, 49 NY2d 557 [1980].)
*322 If the party moving for summary judgment fails to make a prima facie showing of entitlement to judgment as a matter of law, the motion must be denied. (Cendant Car Rental Group v Liberty Mut. Ins. Co., 48 AD3d 397 [2d Dept 2008]; Widmaier v Master Prods., MFG, 9 AD3d 362 [2d Dept 2004]; Ron v New York City Hous. Auth.., 262 AD2d 76 [1st Dept 1999].)
Since plaintiff has failed to make a prima facie showing of entitlement to judgment as a matter of law on either the first or third cause of action, plaintiffs’ motion for summary judgment is denied.
Plaintiffs’ motion to compel discovery is also denied. Plaintiffs are in possession of the contract between the parties. (Item 3.) A copy is attached to plaintiffs’ complaint. Defendants have provided plaintiffs with copies of all the photographs they took at the wedding. (Items 5 and 6.) Defendants’ attorney states defendants are not in possession of any other photographs or storage devices upon which the photographs were stored. (Item 7.) Whalen should know whether Unique has posted any photographs of its wedding online. (Item 8.) Defendants should not be compelled to repeatedly provide through discovery material plaintiffs already possess or which has already been provided. Defendants cannot be compelled to provide material they do not possess. (Vaz v New York City Tr. Auth., 85 AD3d 902 [2d Dept 2011]; Corriel v Volkswagen of Am., 127 AD2d 729 [2d Dept 1987].)
Accordingly, it is ordered, that plaintiffs’ motion for summary judgment is denied; and it is further ordered, that to the extent plaintiffs’ third cause of action seeks damages in tort, the third cause of action is dismissed; and it is further ordered, that plaintiffs’ motion to compel discovery or strike defendants’ answer for failure to comply with discovery is denied.

. Defendants Nina Sosnicka Villegas and Alex Villegas are alleged to be the owners of Unique.

. The travel expenses include costs that will be incurred to fly members of the bridal party who do not live in New York to New York. The court notes Jacob’s affidavit was notarized in Florida. The travel costs may also include the cost of having the bride and groom return to New York for the re-shoot.

. Stated differently, if the court were to award Whalen the costs it expects to incur for re-shooting the lost photographs, WTialen would be receiving compensation for damages and expenses it did not and may never incur.